## J. V. McNICHOLAS TRANSFER CO. v. PENNSYLVANIA R. CO.

### No. 10130.

Circuit Court of Appeals, Sixth Circuit.

March 18, 1946.

David C. Haynes, of Youngstown, Ohio, for appellant.

Norman A. Emery, of Harrington, Huxley & Smith, all of Youngstown, Ohio, for appellee.

Before HICKS, ALLEN, and MARTIN, Circuit Judges.

HICKS, Circuit Judge.

The Pennsylvania Railroad Company, appellee, a common carrier of freight and passengers, had a freight station at Youngstown, Ohio. Appellant, J. V. McNicholas Transfer Company of Youngstown, did a general cartage business by means of motor trucks. On January 14, 1943, appellant, herein called the Trucker, and appellee, herein called the Railroad, entered into a contract in writing wherein the Trucker agreed to transport freight in less than carload lots between the station of the Railroad and the places of business of shippers or consignees, at Youngstown. The contract had the following provision, to wit:

"(3) To be responsible for, and to protect, save harmless and indemnify Railroad from and against, all fines, penalties, loss, damage, cost and expense suffered or sustained by Railroad or for which Railroad may be held or become liable by reason of * * * (b) injury (including death) to persons or property, or other causes whatsoever, in the event an attempt should be made to hold Railroad liable therefor, in connection with Trucker's business or operations hereunder; * * *"

On October 27, 1944, George Sharrer brought an action for damages for personal injuries against the Railroad in an Ohio Court of Common Pleas. He alleged in his complaint that he was a motor truck driver for the Trucker and that while engaged in transferring a large casting from the railroad station to his truck, he was injured by the negligence of one of the Railroad's employees, in the loading of castings. The Railroad called upon the Trucker to defend Sharrer's action and upon its refusal to do so, the Railroad brought this action by which it seeks a declaration of rights under the above mentioned contract. The District Court made Findings of Fact and Conclusions of Law. It found as a fact that Sharrer was injured while performing services for the Trucker in the handling and transportation of less than carload freight at Youngstown. This finding was unexcepted to.

.. The court found as a matter of law that under the contract the Railroad was "protected against any claims and resulting damage which grow out of the handling and transportation of less than carload freight at Youngstown, Ohio, by the defendant." We think that this conclusion is correct and that by the plain provisions of paragraph 3 of the contract as above quoted, it was the legal duty of the Trucker to protect, save harmless and indemnify the Railroad from any loss or damage suffered or sustained by it or for which it might become liable by reason of injuries to Sharrer.

The Trucker's contention, set out in six paragraphs of its brief, may be summarized as follows: First, that the contract did not contemplate indemnity to the Railroad for damages caused by the negligent acts of its employees; and second, because the Railroad as a matter of law could not contract against the consequences of its own negligence.

The first proposition is untenable. The contract provides indemnity to the Railroad for damages by' reason of injury to persons or property "or other causes whatsoever * * * in connection with Trucker's business or operations hereunder. * * *" The provision is plain and injuries caused by the negligence of the Railroad's employees are not excepted.

The second contention cannot be sustained. It is based upon the contention that the injury to Sharrer was proximately caused by the negligence of the Railroad but this is no more than a mere presumption. The court made no finding as to the cause of the injury. It is true that a copy of Sharrer's petition against the Railroad for damages sets forth that his injuries were caused by the negligence of its employee, but, accepting this allegation as true, we are yet confronted with the clear cut proposition of law that there is no rule of public policy which forbade the Railroad from entering into the contract upon which it here relies. Buckeye Cotton Oil Co. v. Louisville & N RR Co., 6 Cir., 24 F.2d 347, 348, and cases there cited. As a general rule a railroad may contract against the effects of its own negligence (Santa Fe R. v. Grant Bros., 228 U.S. 177, 185, 33 S.Ct. 474, 57 L.Ed. 787; Franklin Fire Ins. Co. v. Chesapeake & Ohio R. Co., 6 Cir., 140 F.2d 898; see also Dingledy Lbr. Co. v. Erie RR Co., 102 Ohio St.

236, 131 N.E. 723); except in cases where it undertakes by such contract to secure immunity from liability to shippers as common carriers. It is obvious that the contract here involved does not fall within the excepted class.

The judgment of the District Court is affirmed.