## T. W. Russell for Use of Continental Casualty Company, Appellant, v. Shell Oil Company, Appellee.

### Gen. No. 44,441.

Opinion filed December 6, 1949. Released for publication December 29, 1949.

YATES, ROCHE, CAMP & MACDONALD, of Chicago, for appellant; HAROLD N. HARRISON, of Chicago, of counsel.

JOHN J. MORRIS, of Chicago, for appellee; V. J. LISS, of Chicago, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

This is a suit for the use of Continental Casualty Company, a corporation, to recover from defendant, Shell Oil Company, Incorporated, $3,949.42, which the nominal plaintiff, T. W. Russell, became liable to pay and did pay to John Campbell, an employee of Russell, as compensation and medical and hospital expenses,

on account of injuries sustained by Campbell. This action is based upon the theory that the proximate cause of Campbell's injuries was the negligence of defendant's employees and that Continental Casualty Company, plaintiff, is subrogated to the rights of T. W. Russell by virtue of sections 6 and 29 of the Workmen's Compensation Act [Ill. Rev. Stat. 1949, ch. 48, pars. 143, 166; Jones Ill. Stats. Ann. 143.21, 143.44] and is, therefore, entitled to recover from defendant the sum of $3,949.42. Defendant filed an answer denying the controversial issues and included in the answer *an affirmative defense setting up a certain indemnity contract executed by plaintiff and defendant.* Plaintiff filed four replies to the affirmative defense, each of which was stricken by the court upon motion of defendant. Upon the hearing of the last motion the trial court held that the indemnity agreement constituted a complete defense to plaintiff's cause of action, dismissed the complaint, and entered judgment for defendant. Plaintiff appeals.

The complaint alleges that on June 17, 1942, nominal plaintiff Russell was a painting contractor and was operating under and bound by the provisions of the Workmen's Compensation Act; that defendant was also operating under and bound by that Act; that John Campbell was employed by said Russell as a painter; that Russell, for a consideration, had agreed with defendant to paint certain steel flood-light poles located upon the premises of defendant, a gas station located at 40 South Market street, Chicago, Illinois, and that said Campbell, while engaged as an employee of Russell, and in the course of his employment, was painting a certain pole; that the premises consisted of two lots, the most westerly of which was six or eight feet below the level of the other lot; that the pole was situated in the upper or east lot and within a very few feet of the dividing line of the two lots; that Campbell placed one

end of an extension ladder on the bound of the upper lot and the other end against the pole, and that he then proceeded to climb up said ladder; that after reaching the top of the ladder the pole pulled out of the earth with the concrete in which it was imbedded, causing Campbell to fall with it; that the pole was dangerous and unsafe to Campbell, who was required to climb it; that defendant, in violation of its duty to Campbell, permitted the pole to be in an unsafe condition, as a result of which he was injured; that Campbell was in the exercise of ordinary care for his own safety, and that the injury was not caused by the negligence of Russell or his employees, but by the negligence of defendant; that Russell was required to pay and did pay to Campbell, under the provisions of the Workmen's Compensation Act, the aggregate sum of $3,949.42; that by virtue of Section 29 of that Act, Russell was entitled to recover from defendant the said sum of $3,949.42; that Continental Casualty Company, a corporation, was the compensation insurance carrier for Russell and as such paid $3,949.42 as compensation, medical and hospital expenses on account of the injuries to Campbell, and it became and was subrogated to the rights of Russell, for which recovery it sues defendant. As heretofore stated, defendant filed an answer denying the controversial issues and included in the answer *an affirmative defense* setting out a certain indemnity contract executed by plaintiff and defendant. It is agreed that the only question before this court is whether paragraph 5 in the indemnity agreement contract constitutes a complete defense to plaintiff's cause of action. That paragraph reads as follows:

"5. CONTRACTOR shall hold SHELL harmless from any and all claims for injury (including death), to persons (including CONTRACTOR's agents and employees), or damage to property (including CONTRACTOR's property), resulting from or arising in connection with any

170

of CONTRACTOR's operations, shall defend any such claim asserted or suit brought against SHELL thereon, and shall pay any judgment against SHELL resulting in any such suit; provided, however, that SHELL shall have the right, at its option, to participate in any such litigation, without, however, relieving CONTRACTOR of its obligations hereunder.''

Plaintiff contends that the provisions of paragraph 5 relied upon by defendant do not constitute a defense to the action; that it is the law that ''an indemnity contract will not be construed as indemnifying one against his own negligence, unless such a construction is required by clear and explicit language of a contract or such intention is expressed in unequivocal terms.'' That plaintiff's statement of the law is sound (see *Westinghouse Electric Elevator Co. v. LaSalle Monroe Building Corp.*, 395 Ill. 429, 433) is not questioned. Defendant contends that plaintiff ''agreed to indemnify and hold defendant harmless from any and all claims for injury to persons, including plaintiff's [Russell's] employees, resulting from or arising in connection with any of his operations''; that the indemnity contract does not limit the indemnity solely to accidents due to the negligence of the contractor, his employees and agents, but it includes all accidents ''resulting from or arising in connection with any of contractor's operations''; that the contract specifically provides that defendant shall be held harmless for injuries suffered by plaintiff's (Russell's) ''agents and employees.''

Plaintiff contends that paragraph 5 makes no reference to claims or damages arising out of the negligence of defendant, its agents, servants or employees and that therefore paragraph 5 will not be construed as indemnifying defendant against its own negligence. Plaintiff states that the leading case bearing upon the question before us is *Westinghouse Electric Elevator*

171

*Co. v. LaSalle Monroe Building Corp., supra,* and contends that that case supports its position. The *Westinghouse Co.* case, in our judgment, is not an authority in support of plaintiff's position. The indemnification provision in that case provided (p. 432):

"The contractor further agrees to indemnify and hold the owner, the owner's employees and agents, the Architects and Engineers, and the City of Chicago, wholly harmless from any damages, claims, demands or suit by any person or persons *arising out of any acts or omissions by the Contractor, his agents, servants or employes in the course of any work done in connection with any of the matters set out in these specifications,* and the contractor shall carry at his own expense insurance in a company satisfactory to the owner to cover the aforesaid liabilities." (Italics ours.)

In the instant case, as appears from the complaint, Russell, the nominal plaintiff, was employed under a contract to paint certain light poles at one of defendant's gas stations and among other things he was obliged to paint the particular light pole involved in the accident, and John Campbell, his employee, was in the act of painting it at the time of the accident. It seems clear that the injury to Campbell arose in connection with the "contractor's operations." As defendant argues, the contract includes all accidents "resulting from or arising in connection with any of contractor's operations"; that "the indemnifying agreement is expressed in clear and explicit language and the intention of the parties is indicated in unequivocal terms." There is also force in the contention of defendant "that negligence of either party does not enter into the case, because the injury to the employee [Campbell] resulted from or arose in connection with one of the contractor's operations against which he agreed to hold defendant harmless." We

172

agree with the opinion of the trial court that the indemnity agreement constituted a complete defense to plaintiff's cause of action.

The judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*

FRIEND, P. J., and SULLIVAN, J., concur.