**CHICAGO & N. W. R. CO. v. CHICAGO PACKAGED FUEL CO.**

**No. 10125.**

United States Court of Appeals
Seventh Circuit.

June 30, 1950.

Rehearing Denied Sept. 11, 1950.

Lowell Hastings, Drennan J. Slater, Edgar Vanneman, Jr., all of Chicago, Ill., for appellant.

Joseph H. Hinshaw, Oswell G. Treadway, Chicago, Ill., for appellee.

Before KERNER, FINNEGAN, and SWAIM, Circuit Judges.

KERNER, Circuit Judge.

Plaintiff appeals from an order granting defendant's motion to dismiss and dismissing its complaint for judgment under an indemnity agreement on the ground that the complaint did not state a claim on which relief could be granted for the reason that the liability against which indemnity was demanded was caused solely by plaintiff's negligence which was not covered by the contract on which the claim was based.

According to the allegations of the complaint, the parties entered into a contract in October, 1947, a copy of which was attached to the complaint, licensing defendant to construct, maintain and use a coal hopper under a spur track which was a part of plaintiff's system. The contract contained the following provision for indemnity: "The Licensee assumes and agrees to pay for all loss or damage to property and injury to or death of persons, including costs and expenses incident thereto, arising, wholly or in part, from or in connection with the existence, construction, maintenance, repair, renewal, reconstruction, operation, use or removal of said facility or any defect therein or failure thereof, causing same or contributing thereto; and the Licensee shall forever indemnify the Railway Company against and save it harmless from all liability for any such loss, damage, injury and death, including all costs and expenses incident thereto."

The complaint, after referring to the license agreement and particularly to the indemnity clause set forth above, alleges that the hopper was constructed according to the terms of the contract and that on February 16, 1948, while it was being used by one Frank Drews for dumping screening coal, an engine belonging to plaintiff struck a truck left standing nearby by Drews, pushing it against him and seriously injuring him, which accident, the complaint alleges, was caused "in whole or in part by or in connection with the existence, maintenance, operation and use of said facility, and that, accordingly, under the provisions of the * * * contract * * * it became and was the duty of defendant to assume and pay for all injury and damages to said Frank Drews, and forever to indemnify plaintiff against and save it harmless from all liability for such injury and damages * * *."

The complaint further recites the fact of plaintiff's notice to defendant of the accident three days thereafter, and request for indemnity against any liability arising from it, and defendant's reply to the effect that neither of the parties was in a position at that time to determine the applicability of the indemnity provision since no claim had been made against either of them; that on April 14, 1948, Drews filed suit for $150,000 against plaintiff for his injuries, and plaintiff duly notified defendant of the filing of the suit and requested that it take over the defense or make settlement of the claim; that on June 4, 1948, it removed the suit to the federal court and again unsuccessfully requested that defendant or its insurance carrier take over the defense or settle the claim; that it finally succeeded in obtaining a settlement figure of $55,000 in August, 1949, which settlement it considered a fair and reasonable one in view of the very serious and permanent nature of Drews' injuries, the extent of which was described in the complaint; that plaintiff notified defendant of such proposed settlement and of its intention to consummate it and demand indemnity therefor unless defendant settled the claim otherwise within one week; that plaintiff did settle the claim as described, and therefore asked judgment for the $55,000 expended for such settlement.

In dismissing the complaint on defendant's motion the District Court assumed that the complaint disclosed that the injury was solely caused by plaintiff's negligence which it held was not covered by the contract. In its memorandum the court stated:

"* * * Admittedly, the contractual provision is broad enough to include the negligent acts of the indemnitee, but it lacks the explicitness necessary to require indemnification. * * * (Citing and quoting from Westinghouse [Electric Elevator] Co. v. [La-Salle Monroe] Bldg. Corp., 395 Ill. 429 [70 N.E.2d 604].)

"Since plaintiff, by effecting a settlement with Drews for such a substantial amount, has, for all practical purposes, admitted its own negligence and consequent liability, and, since the complaint contains no allegation of negligence on the part of defendant, there appears to be no necessity for trying the issue of negligence upon the facts."

Thus, on a motion to dismiss a complaint for failure to state a cause of

action, the court adopted the most unfavorable construction possible of the contract on which the complaint was based, and assumed a fact situation to render such construction applicable. We think such construction was not warranted for purposes of disposing of the motion to dismiss. Carroll v. Morrison Hotel Corp., 7 Cir., 149 F.2d 404; Publicity Bldg. Realty Corp. v. Hannegan, 8 Cir., 139 F.2d 583, 586. As the court said in the latter case: "The Federal Rules of Civil Procedure do not sanction the disposition of doubtful issues of fact or law upon motions to dismiss for insufficiency of pleadings."

We are not convinced that the settlement of the claim under the circumstances briefly stated in the complaint was such an admission of negligence as to conclusively establish that plaintiff's negligence alone caused the injury. Nor are we convinced that that fact issue is wholly determinative of the issues presented by the complaint. We think a serious question of law was presented as to the scope of the indemnity agreement—certainly "enough to withstand a mere formal motion, directed only to the face of the complaint." See Dioguardi v. Durning, 2 Cir., 139 F.2d 774, 775. Defendant contended, and the District Court apparently adopted its theory, that the parties intended to limit its liability to injuries caused by defects and hazards inherent in the hopper itself. We think this is by no means the only construction that can be given the language of the parties.

 It is true that contracts indemnifying parties against losses caused by their own negligence are generally subject to strict construction, as stated by the District Court, and generally, "where the parties fail to refer expressly to negligence in their contract such failure evidences the parties' intention not to provide for indemnity for the indemnitee's negligent acts." Annotation, 175 A.L.R. 10, at page 30. However, the Annotator there, at page 37, calls attention to the qualification of this strict construction rule in a number of cases where the language of the agreement was so broad as to indicate the intention of the parties that it should include negligence. And plaintiff calls our attention to such an Illinois case, Russell, for Use of Continental Casualty Co., v. Shell Oil Company, 339 Ill.App. 168, 89 N.E.2d 415, 417, where the court held that a contract indemnifying against "all accidents 'resulting from or arising in connection with any of contractor's operations'" included indemnity against accidents caused by the indemnitee's own negligence, distinguishing the Westinghouse case relied upon by the District Court in its memorandum. In the Russell case, the court found "force in the contention * * * 'that negligence of either party does not enter into the case, because the injury to the employee * * * resulted from or arose in connection with one of the contractor's operations against which he agreed to hold defendant harmless.'"

Thus it appears that substantial issues were presented by the complaint, and that plaintiff was entitled to its day in court for the hearing and determination of those issues.

Judgment reversed, and cause remanded for further proceedings.