## CHICAGO & NORTH WESTERN RY. v. FIRST NAT. BANK OF WAUKEGAN.

### No. 10629.

United States Court of Appeals
Seventh Circuit.

Dec. 18, 1952.

Lowell Hastings, Drennan J. Slater and Edgar Vanneman, Jr., Chicago, Ill., John H. Gobel, Chicago, Ill., for plaintiff-appellant.

Emmett J. McCarthy and George R. Lyon, Chicago, Ill., for appellee.

Before KERNER, FINNEGAN and SWAIM, Circuit Judges.

FINNEGAN, Circuit Judge.

Plaintiff filed its complaint in the District Court praying that the court enjoin defendants from moving sand, heavy machinery and equipment across the right of way on its main line near Waukegan, Illinois.

Defendants moved to dismiss the action on the ground that the complaint as amended failed to state a claim upon which relief could be granted.

On hearing arguments of counsel and on briefs submitted, the District Court entered an order granting the motion, striking the complaint as amended and dismissing the action, and this appeal followed.

In its complaint, plaintiff alleged that it is a corporation organized under the laws of Wisconsin, and that it is a resident of that State; that the defendant, the First National Bank of Waukegan, as Trustee, is a national banking association doing business where it is a resident, at Waukegan, Illinois; that the other defendants are citizens and residents of Illinois; that the amount involved, exclusive of costs and interest, is $3,000; that jurisdiction is based on diversity of citizenship. The complaint further alleges that plaintiff is the owner of a certain strip of land (legally described) which constitutes part of its right of way and over which it operates many high speed trains which carry many passengers, freight, mail, express and baggage in interstate commerce; in an amendment to its complaint plaintiff alleges that the First National Bank of Waukegan, as trustee under a trust, is the owner of property near the said

right of way. The complaint further alleges that the defendant beneficiaries of the trust have arranged with Stanley Dembinski, also a defendant, for the hauling of sand from their property and the moving of trucks, machinery and equipment across said right of way. Some trucks, equipment and machinery have already been moved across the unprotected right of way and defendants threaten that more of such movements will be so made in the future. The complaint further alleges that the moving and hauling has been done, and is threatened to be done, at a former farm crossing over plaintiff's right of way. The farm crossing was established by warranty deed, under date of August 25, 1854, between Abby M. and William Farnham, grantors, and the Chicago and Milwaukee Rail Road Company, grantee, predecessor in interest of plaintiff.

The deed provided in part:

"It being hereby understood and agreed between said parties that said company shall build and maintain a good and sufficient fence on each side of said Rail Road through said land and also build and maintain a farm crossing across said Rail Road at the point near the North line of said land where the line of said Road comes nearly to grade. And also so to construct the culvert through said Road on said land as that the same can be used as a cattle pass by said party of the first part, the timber for said Culvert to be furnished by said Farnham if it can be obtained on their land."

It is alleged that the moving and hauling being done, and threatened to be done, is far beyond the scope of the term "farm crossing" used in the deed, and that defendants have no right to conduct such moving and hauling across plaintiff's right of way at this point; that the lives of many persons and property of great value are and will be endangered by the movement of sand, equipment and machinery across the right of way, causing a serious hazard and burden to interstate commerce.

It is then alleged that unless defendants are restrained and enjoined from continuing the repeated movements and trespasses, they will cause plaintiff irreparable injury and damage and may cause the public using its transportation services irreparable damage, injury and loss of life, and that an injunction is also necessary to prevent a multiplicity of suits. Plaintiff prays for an interlocutory injunction and pending the hearing of its application therefor that a temporary restraining order be issued restraining defendants from hauling sand, driving sand trucks, or moving any machinery or equipment across the right of way at the location of the farm crossing; and that upon hearing a permanent injunction issue enjoining the trespass.

Rule 8 of the Federal Rules of Civil Procedure 28 U.S.C.A., provides that a pleading shall contain a short and plain statement of the claim showing that the pleader is entitled to relief and that each averment shall be simple, concise, and direct.

A complaint is not subject to dismissal unless it appears to a certainty that the plaintiff cannot possibly be entitled to relief under any set of facts which could be proved in support of its allegations.

The federal courts have time and again laid down the rule that in considering a motion to dismiss, the allegations of the complaint must be viewed in a light most favorable to the plaintiff, and all facts well pleaded must be admitted and accepted as true. Chicago & Northwestern Ry. Co. v. Chicago Packaged Fuel Co., 7 Cir., 183 F. 2d 630; Tauzin v. St. Paul Mercury Indemnity Co., 5 Cir., 195 F.2d 223–224, and John Walker & Sons v. Tampa Cigar Co., 5 Cir., 197 F.2d 72–73.

We are of the opinion that plaintiff has, in its complaint stated a claim upon which relief could be granted, certainly enough to withstand a mere formal motion directed only to the face of the complaint. Plaintiff should have its day in court, with a hearing on the issues presented by its complaint. Upon a hearing of the case on its merits, the District Court may find that a permanent injunction should issue. We think the District Court erred in granting the motion to strike the complaint and dismissing the cause. In the view we take

of this matter it is unnecessary to discuss other alleged errors.

The judgment of the District Court is reversed and the cause is remanded with directions to overrule the motion to dismiss and for further proceedings consistent herewith.[1]

---

1. Judge Kerner participated in the hearing, consideration and decision of this case but died prior to the announcement of this opinion.