**RICE et al. v. PENNSYLVANIA R. CO. et al.**

**THE WILLIAM R.**

No. 193, Docket 22569.

United States Court of Appeals Second Circuit.

Argued March 4, 1953.

Decided March 20, 1953.

Myles J. Lane, U. S. Atty., New York City, Eugene Rheinfrank and Louis E. Greco, Attorneys, Department of Justice, New York City, of counsel, for appellant.

George A. Garvey, New York City, for appellee Luria Bros. & Company, Inc.

Burlingham, Hupper & Kennedy, New York City, Benjamin E. Haller, New York City, of counsel, for appellee Pennsylvania R. Co.

Macklin, Speer, Hanan & McKernan, New York City, Gerald J. McKernan and John C. Hart, New York City of counsel, for libellants-appellees.

Before SWAN, Chief Judge, and L. HAND and FRANK, Circuit Judges.

SWAN, Chief Judge.

This litigation was commenced by a libel brought by the owners of a scow to recover damage sustained by it while under charter to the Pennsylvania Railroad Company. The respondent railroad impleaded the United States whose negligence in loading

scrap iron on to the scow had caused the damage. The United States impleaded Luria Bros. & Co., Inc. alleging a right to indemnity under a contract by Luria to purchase from the United States the scrap iron loaded upon the scow. From a decree awarding damages against the respondent, with recovery over by it against the United States, and dismissing the latter's petition to implead Luria, the United States has appealed. Its appeal questions only so much of the decree as dismissed its petition to implead Luria. The sole question presented is the proper construction of the so-called indemnity clause in Luria's contract with the United States.

The facts are not in dispute and may be stated briefly. Pursuant to an invitation for bids Luria submitted a bid to purchase scrap iron from the War Department of the United States, and its bid was accepted. The contract specified a unit price per gross ton "f. o. b. R.R. barges, Army Salvage Collection Center, Foot of DuPont Street, Brooklyn, New York." It also provided that "All property purchased hereunder will be loaded by the Government onto trucks or barges furnished by the contractor." Pursuant to this provision Luria caused the libellant's scow, which was under charter to the Pennsylvania Railroad, to be brought to DuPont Street. While loading the scrap iron onto the scow by means of a clamshell bucket, the appellant's employees operated the bucket so negligently as to damage the scow. No employee of Luria had anything to do with loading the scow. The contract provision under which the United States asserts the right to be indemnified against liability caused by the negligence of its own employees reads as follows:

"*Claims.* The contractor agrees to keep and hold the Government safe and harmless from any and all claims of whatsoever nature or kind for damages for injuries to person or property, occurring during the removal of the said material."

The district judge was of opinion that the above quoted provision falls short of evidencing a clear intent that Luria undertook to indemnify the United States for the latter's own negligence. Upon the authority of The Zeller No. 14, D.C.E.D.N.Y., 74 F.Supp. 538, he dismissed the petition of the United States to implead Luria.

 With the generally accepted rule that contracts will not be construed to indemnify a person against his own negligence unless such intention is expressed in unequivocal terms, we are in complete accord.[1] The rule was correctly applied in The Zeller No. 14 supra, but Judge Sugarman was in error in treating that case as determinative of the case at bar. In both, the covenant relates to damage resulting from loading the barge, but damage to The Zeller No. 14 was caused not by reason of negligence in the way the loading was done but by reason of putting the barge in a foul berth. The covenant did not express in unequivocal terms the intention to indemnify the United States against liability resulting from giving the vessel a foul berth. In the case at bar, however, the damage was caused by negligence in the way the scrap iron was dropped on the deck of the scow; and the covenantor agreed to save the covenantee harmless from claims of damages "for injuries to person or property occurring during the removal" of the scrap. The scrap was in the possession of the United States and it had agreed to load it. No one else had anything to do with the loading. It is impossible to conceive how any valid claim could arise against the Government for injuries "occurring during the removal" unless its employees were negligent. Consequently we see no way to interpret the covenant otherwise than as an unequivocal expression of intent to indemnify the United States against the negligence of its own employees. Where such

1. Thompson-Starrett Co. v. Otis Elevator Co., 271 N.Y. 36, 2 N.E.2d 35; Southern Bell Tel. & Tel. Co. v. Mayor, 5 Cir., 74 F.2d 983; Mostyn v. Delaware, L. & W. R. Co., 2 Cir., 160 F.2d 15, certiorari denied 332 U.S. 770, 68 S.Ct. 82, 92 L.Ed. 355; and 175 A.L.R. 30, are cited by the appellee for statements of the general rule. In the Mostyn case, 160 F.2d at page 19, Judge L. Hand declared that the intention must be expressed "beyond any peradventure of a doubt."

is the clear intention of the parties the agreement will be enforced.[2] Accordingly dismissal of the appellant's petition to implead Luria Bros. & Co. is reversed with directions to enter a decree awarding the appellant recovery against Luria; in other respects the decree is affirmed.

---

2. J. V. McNicholas Transfer Co. v. Pennsylvania R. Co., 6 Cir., 154 F.2d 265; Puleo v. H. E. Moss & Co., 2 Cir., 159 F.2d 842, certiorari denied 331 U.S. 847, 67 S.Ct. 1733, 91 L.Ed. 1857; Aluminum Co. of America v. Hully, 8 Cir., 200 F.2d 257; Russell v. Shell Oil Co., 339 Ill. App. 168, 89 N.E.2d 415; Southern Pacific Co. v. Fellows, 22 Cal.App.2d 87, 71 P.2d 75.