**STANDARD OIL COMPANY OF TEXAS**
and Pacific Indemnity Company,

v.

Charles WAMPLER et al., individually
and d/b/a Wampler Brothers.

No. 15109.

United States Court of Appeals.
Fifth Circuit.

Jan. 28, 1955.

W. C. Gowan, Carrington, Gowan, Johnson, Walker & Bromberg, Dallas, Tex., for appellants.

H. P. Smead and L. F. Burke, Hurst & Burke, Smead & Harbour, Longview, Texas, for appellees.

Before HUTCHESON, Chief Judge, HOLMES, Circuit Judge, and ALLRED, District Judge.

ALLRED, District Judge.

This is an appeal from a summary judgment dismissing a third party complaint for indemnity brought against appellees who had been employed to drill an oil well by Standard Oil Company of Texas, (hereafter called Standard). The third-party complaint arose out of Standard Oil Company of Texas v. Swinney, 201 F.2d 133, in which this court affirmed a judgment for Swinney for personal injuries sustained by him in a fall from a ladder negligently attached to a gas tank belonging to Standard. Swinney was an employee of appellees, (hereafter called Wampler Brothers), who had contracted to drill the well for Standard on the lease where the tank was situated.

The Swinney judgment and costs were paid off by appellant, Pacific Indemnity Company, Standard's insurance carrier, which had defended the action. By third party complaint appellants asked for recovery against Wampler Brothers on the ground that the contract under which the well was drilled provided that:

"Contractor shall indemnify Standard against damages or claims for injury to persons, impairment of health of persons and death of persons, and damages to property or loss of property, that may arise from Contractor's operations hereunder, including work performed by Contractor when on a day rate; and Contractor shall carry, in a company or companies approved by Standard, public liability and property damage insurance in amounts satisfactory to Standard, which will protect Contractor and Standard against any loss, cost or damages which may arise from the above mentioned causes attributable to Contractor's operations hereunder."

It was alleged that the acts complained of by Swinney and on which he obtained judgment against Standard "involve and are a part of the said Wampler Brothers' operations under their written contract * * * and, premises considered, the said Wampler Brothers became obligated to indemnify Standard Oil Company of Texas against the damages and claims for injury asserted by plaintiff in said cause and for which he made a recovery * * *". It was further alleged that, in the contractual clause quoted above, appellees also "obligated themselves to carry public liability insurance which would protect not only the said Wampler Brothers but also the Standard Oil Company of Texas against any loss, cost or damages which might arise from Wampler Brothers' operations in the doing of the work contracted for; * * *" and that appellees failed to provide such insurance.

The contract further provided that appellees should furnish Standard with documentary evidence of such insurance be-

fore commencing operations. Appellees secured a policy of insurance, protecting them, but not Standard, against claims for injuries and furnished a certificate to this effect. Standard made no complaint as to the amount or character of this insurance. In addition to denying liability, appellees pleaded estoppel and limitation, which pleas were stricken by the trial court. The court then granted appellees' motion for summary judgment and denied a like motion by appellants.

Here appellants urge upon us that the judgment should be reversed, not because Wampler Brothers were negligent or in law responsible for Swinney's damages, but because they had agreed to indemnify Standard against damages or claims "that may arise from Contractor's operations hereunder;" and because the insurance provided, while protecting Wampler Brothers, did not protect Standard and it should have had a policy issued to it protecting Standard against its own negligence. Appellees insist that what appellants are trying to do is claim an indemnity against Standard's own negligence where nothing in the contract so provides, that it is perfectly clear on the record that everybody so understood it, and that it would be contrary to the uniform current of authority[1] to give an indemnity against one's own negligence when neither the language nor the general tenor of the contract show that any such protection was intended. In addition, appellees insist that the contract of insurance furnished was all that they agreed to do, that Standard was satisfied with it and cannot complain.

■ We agree with appellees. On brief appellants "recognize the rule that

indemnity agreements are strictly construed against him who claims to be an indemnitee, and that is particularly true where the result would be to indemnify against one's own negligence, and that it will not be so construed unless such obligation is expressed in unequivocal terms." But, appellants say, "the intention of the parties to indemnify against the indemnitee's negligence need not be expressly stated in the contract provided it otherwise clearly appears in the language used." There is nothing wrong with appellants' statement of the rules. The difficulty is that, construing the contract strictly, the indemnity claimed is not expressed in unequivocal terms. The indemnity clauses in the cases cited by appellants[2] are stronger in phraseology and are applied to distinguishable facts and background.

■ We cannot agree with appellants that "if the indemnifying clause is limited to claims were the indemnitee is free from negligence there would be nothing to which the indemnifying clause would apply," is applicable here. Certainly, the indemnifying clause would apply in instances where Wampler Brothers were negligent or at fault. The additional provision for insurance is often required in contracts of this kind to guard against insolvency of the contractor.

■ As for the insurance provision, even if it could be construed as requiring appellees to furnish a policy covering Standard's negligence, we doubt that, under the facts here, the measure of damages would be payment of the Swinney judgment. Appellees furnished a certificate of insurance to which Standard made no objection.[3] But Standard had

1. Halliburton Oil Well Cementing Co. v. Paulk, 5 Cir., 108 F.2d 79; Martin v. American Optical Co., 5 Cir., 184 F.2d 528; Thomas v. Atlantic Coast Line R. Co., 5 Cir., 201 F.2d 167; see also 23 Tex.Jur. 526, and the recent cases annotated thereunder, 5 Tex.Jur. Ten Year Supp. 687.

2. Buckeye Cotton Oil Co v. Louisville & N. R. Co., 6 Cir., 24 F.2d 347; National Transit Co. v. Davis, 3 Cir., 6 F.2d 729;

Houston & T. C. R. Co. v. Diamond Press Brick Co., 111 Tex. 18, 222 S.W. 204, 226 S.W.2d 140; Rice v. Pennsylvania R. Co., 2 Cir., 202 F.2d 861; J. V. McNichols Transfer Co. v. Pennsylvania R. Co., 6 Cir., 154 F.2d 265; Russell v. Shell Oil Co., 339 Ill.App. 168, 89 N.E.2d 415.

3. This might more appropriately raise the question of waiver than estoppel.

provided insurance of its own. Under these circumstances, it seems to us the proper measure of damages would be the premiums paid for this insurance.[4]

The judgment was right. It is affirmed.

---

4. Cf. Capital Life Ins. Co. v. Driscoll, Tex.Civ.App., 199 S.W. 872, 875.