**INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Plaintiff-Appellee,**

v.

**KOONTZ–WAGNER ELECTRIC CO., Inc., Defendant-Appellant.**

No. 11567.

United States Court of Appeals Seventh Circuit.

May 21, 1956.

Hugh E. Reynolds, Indianapolis, Ind., John W. Niemiec, South Bend, Ind., Locke, Reynolds, Boyd & Weisell, Indianapolis, Ind., for defendant-appellant.

Roland Obenchain, Jr., Roland Obenchain, Sr., Jones, Obenchain & Butler, South Bend, Ind., for plaintiff-appellee.

Before DUFFY, Chief Judge, and FINNEGAN and SCHNACKENBERG, Circuit Judges.

DUFFY, Chief Judge.

On May 17, 1948, defendant submitted to plaintiff's assured, the Studebaker Corporation, its quotation of a price on a job for removal of electric light fixtures, wiring, etc., from a plant owned by said Corporation. On May 20, 1948 defendant was awarded the job by the Studebaker Corporation under a written and printed purchase order. Defendant commenced work on May 20th, and on the following day one Roy Todd, an employee of defendant, while in the performance of his duties, was injured due to the negligence of an employee of the Studebaker Corporation.

Todd commenced an action for damages against the Studebaker Corporation in an Indiana State court and recovered damages in excess of $5,000. Thereafter plaintiff Insurance Company, as subrogee of the Studebaker Corporation, commenced the instant action based on a provision of the purchase order pursuant to which defendant was working at the Studebaker plant at the time Todd was injured.

Plaintiff bases its right of recovery on Paragraph 13 of the Purchase Order which provided, in part:

"If this order covers the performance of labor at the Buyer's (Studebaker's) plants or if the performance of labor by Seller (defendant) at the Buyer's plants results from or is incident to Seller's supplying the articles, material and/or work

covered by this order, *the Seller agrees to indemnify and protect the Buyer against the liabilities, claims or demands for injuries or damages to any person or property growing out of the performance of this order whether such liabilities, claims or demands grow out of the negligent act of the Buyer or the Buyer's agent, or otherwise.* Seller further agrees to furnish a certificate from its insurance carriers showing that it carries adequate Workmen's Compensation, public liability, and property damage insurance. * * * " (Emphasis supplied.)

The case was tried to the court which filed findings of fact and conclusions of law favorable to the contentions of the plaintiff. There are no disputed issues of fact in the case at bar, and whether plaintiff is entitled to recover depends, as a matter of law, upon the interpretation of the socalled indemnity agreement construed in the light of Indiana law.

On this appeal defendant argues first, the District Court improperly construed the following language in Paragraph 13: " * * * growing out of the performance of this order * * * "; and secondly, that the contract provision for indemnification against the negligence of Studebaker Corporation is void under Indiana law because it is contrary to public policy.

By the terms of the contract defendant agreed to indemnify and protect Studebaker against all liabilities, claims or demands for injuries or damages to any person or property growing out of the performance of the contract, whether such liabilities, claims or demands grew out of the negligent act of Studebaker or Studebaker's agent, or otherwise. It being undisputed that Todd suffered injuries due to the negligence of an employee of Studebaker over whom defendant had no direction or control, the question to be resolved is—did the injuries grow out of the performance of defendant's contract with Studebaker?

█ █ The contract between Studebaker and defendant contemplated that de-

fendant would erect scaffolding in the Studebaker plant and that some of defendant's employees would work thereon. Todd was working on the scaffolding when a Studebaker employee drove a finger lift truck against it. Todd was on the scaffold by reason of the existence of the contract between defendant and Studebaker. We must ascertain the intent of the parties to this contract by the words which they used. In determining whether Todd's injuries grew out of the performance of the contract ("growing out of the performance of this order") we should, if possible, give the words their ordinary and usual meaning. Pittsburgh, C., C. & St. L. Ry. Co. v. Mahoney, 148 Ind. 196, 46 N.E. 917, 47 N.E. 464, 40 L.R.A. 101; Jenkins v. King, 224 Ind. 164, 65 N.E.2d 121, 163 A.L.R. 397. We think the critical words heretofore quoted are equivalent to the words " 'resulting from or arising in connection with any of contractor's operations' " which were construed in Russell for Use of Continental Casualty Company v. Shell Oil Company, 339 Ill.App. 168, 89 N.E.2d 415, 417.

Although we do not find any Indiana decisions directly in point, we think the general rule stated in Aluminum Company of America v. Hully, 8 Cir., 200 F. 2d 257 is applicable. The contract there provided that the contractor should save and hold the owner harmless from any and all liability, claims and demands on account of personal injuries, including death, or property loss or damage to others (including contractor and employees of contractor) arising out of or in any manner connected with the provisions of the contract whether such injury, loss or damage shall be caused by the negligence of contractor or a subcontractor or the owner or otherwise. The Court said, at page 263:

"Phrases of indemnity contracts similar to those here involved are considered in the following cases which we think tend to support our conclusion: Russell [for Use of Continental Casualty Company] v. Shell Oil Co., 339 Ill.App. 168, 89

N.E.2d 415, 417, (' "resulting from or arising in connection with" '); Hartford Accident & Indemnity Co. v. Worden-Allen Co., 238 Wis. 124, 297 N.W. 436, 438 (' "due to, arising from, or connected with" '); Northern Pac. Ry. Co. v. Thornton Bros. Co., 206 Minn. 193, 288 N.W. 226 ('arising in any manner out of or in any manner connected with'); National Transit Co. v. Davis, 3 Cir., 6 F.2d 729 ('in any manner resulting from, or arising out of'); Govero v. Standard Oil Co., 8 Cir., 192 F.2d 962, 964 ('arising out of or resulting from')."

■ We hold the trial court was correct in rejecting the strict or narrow construction of the critical words as urged by defendant. We think the trial court properly held that Todd's injuries grew out of the performance of defendant's contract with Studebaker.

■ Defendant's second contention is that under Indiana law a contract to indemnify one against his own negligence is void as against public policy. True it is that some Indiana courts have, from time to time, used some loose general language which seems to give some support to defendant's contention. Defendant cites Freigy v. Gargaro Co., Inc., 223 Ind. 342, 60 N.E.2d 288, 292, which does contain the statement: "A party may not contract against its own negligence." However, the principal authority relied on by the Court for this statement is 42 C.J.S., Indemnity, § 12, page 583. The text in C.J.S. is as follows: "So, also, the indemnitor cannot be held liable, unless the person to be indemnified has become liable; nor can he be held liable to indemnify for any personal injuries resulting from the indemnitee's negligence or the negligence of his employees, * * * unless the contract expressly provides for such negligence, or is broad enough to cover injuries caused thereby." (Emphasis supplied.) In the same volume on page 573, § 7 the text states: "The parties may lawfully bind themselves by contract to indemnify against or relieve from liability on ac-

count of future acts of negligence, whether the negligence indemnified against be that of the indemnitor or his agents or that of the indemnitee or his agents."

As the authority cited does not support the rule as stated by the Court, and as the statement itself was not necessary for the decision of the Court, we do not consider the quoted statement in Freigy v. Gargaro Co., Inc., supra, to be the established rule of law in Indiana.

There is nothing unconscionable or illicit involved in an individual or private corporation contracting for protection against his or its own negligence. The argument that such a contract puts a premium on negligence is without substance. It never has been shown, as far as we are advised, that motorists, as a class, become reckless or negligent because they have taken out policies of automobile liability insurance. The Supreme Court of Minnesota made a pertinent observation in Northern Pacific Ry. Co. v. Thornton Bros. Co., 206 Minn. 193, 288 N.W. 226, 228: "Neither law nor public policy prevents the ordinary contractor from buying from a third party indemnity from the pecuniary result of his own negligence. That is legitimate as insurance. How does the same process, with identical result, become illicit simply because they are those of the original and basic contract rather than a collateral one for conventional insurance? * * * "

A number of cases cited by defendant merely recognize an exception to the rule. These cases involved negligence of common carriers and others whose business is affected with a public interest. Many Courts as well as state legislatures have seen fit to put corporations dealing with the general public and whose business is affected with a public interest, in a separate class. This is recognized by such cases as Philippine Air Lines, Inc., v. Texas Engineering & Manufacturing Co., Inc., 5 Cir., 181 F.2d 923, 925.

We think the district court correctly held that the contract here involved was not contrary to the public policy of the State of Indiana.

Judgment affirmed.