UNITED STATES of America, Third Party Plaintiff-Appellant,

v.

Richard STARKS et al., etc., Third Party Defendants-Appellees.

UNITED STATES RUBBER CO., Third Party Plaintiff-Appellant,

v.

Richard STARKS et al., etc., Third Party Defendants-Appellees.

Nos. 11778, 11779.

United States Court of Appeals Seventh Circuit.

Dec. 21, 1956.

Rehearing Denied Jan. 16, 1957.

John G. Laughlin, Appellate Section, U. S. Dept. of Justice, Washington, D. C., A. M. Fitzgerald, R. G. Heckenkamp and John B. Stoddart, Jr., U. S. Atty., Springfield, Ill., George Cochran Doub, Asst. Atty. Gen., Paul A. Sweeney, Atty., Dept. of Justice, Washington, D. C., for appellant.

Thomas B. Dunn, Morris, Ill., Dunn & Hayes, Morris, Ill., for appellees.

Before FINNEGAN, LINDLEY and SCHNACKENBERG, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

In a complaint filed in the district court by the Trustees [1] of Funk Farms Trust against the United States of America and United States Rubber Co., a corporation, plaintiffs sought recovery for damage to plaintiffs' cattle alleged to have been caused by the negligence of defendants' employees in spraying arsenic over a part of the Joliet Arsenal Military Reservation in Will County, Illinois, which, pursuant to a contract with the United States, was being operated by the rubber company and the United States army. Plaintiffs allege that in 1953 the United States entered into a lease with Richard Starks and Frank J. Barr, doing business as Starks & Barr, for agricultural grazing purposes on said reservation and that in May or June of 1953 plaintiffs entered into a bailment for hire with Starks & Barr, pursuant to which the cattle were grazing on the reservation.

Count I of the complaint seeks recovery from the United States under several sections of the Federal Tort Claims Act.[2] Count II seeks recovery from the rubber company, basing jurisdiction upon diversity of citizenship and amount in controversy; and count III joins both defendants. The latter filed answers, and, pursuant to leave of court, third-party complaints. In its third-party complaint, the United States sought a judgment against Starks & Barr for any sums which the Funk Farms Trust might recover in this action against the United States. The rubber company's third-party complaint sought similar relief against Starks & Barr in the event that a judgment was entered against it in favor of the Trust.

The district court on motions of Starks & Barr dismissed both third-party complaints,[3] and this appeal followed.

Both third-party complaints involve the following clause contained in the lease between the United States, as lessor, and Starks & Barr, as lessees:

"10. That the United States or its contractors or any of their officers, agents, or employees shall not be responsible, except as otherwise provided in Conditions Nos. 5 and 22 hereof, for any loss, expense, damages to property, or injuries to persons, which may arise from or be incident to the use and occupation of the said premises, or for damages to the property of the lessee, or for injuries to the person of the lessee (if

1. Lafayette Funk, Sr., Eugene E. Funk, Jr., Paul A. Funk and Theodore Funk.

2. 28 U.S.C.A. §§ 1346(b), 2671–2680 and 1402(b).

3. On this appeal, the United States takes no issue with the district court's disposition of count II of the third-party complaint.

an individual), or for damages to the property or injuries to the person of the lessee's officers, agents, servants, or employees, or others who may be on said premises at their invitation or the invitation of any one of them, arising from activities of the United States or its contractors, and the lessee shall hold the United States and its contractors, and any of their officers, agents, or employees, harmless from any and all such claims."

This is referred to as the indemnity clause. The district court filed a memorandum, stating the grounds of its action. That court held that the indemnity clause is contrary to public policy. Starks & Barr insist that the Tort Claims Act has indicated a clear intention to permit the United States to be sued for the negligence of its officers and employees and that therefore the indemnity clause here is contrary to a public policy so expressed. The district court also held that it was not the intention of the parties to the lease that the lessee should hold the United States harmless for damages to a third party arising from its own wrongful act.

The United States argues that since the lease is a government contract, the validity of the covenant, as well as the rights and obligations thereunder, present federal questions to be resolved by resort to federal law. Starks & Barr agree. The rubber company says that the law of Illinois controls and that under the Illinois law the indemnity clause is valid. Contending that, in a diversity case, the law of the state is to be followed with respect to the cause of action created, it asserts that exculpatory or indemnifying provisions in a lease are not against the public policy of the State of Illinois but are valid and enforceable. The rubber company argued no other point in this court. It relies on Erie R. Co. v. Tompkins, 304 U.S. 64, at page 78, 58 S.Ct. 817, at page 822, 82 L.Ed. 1188, where, the court said:

"Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state. And whether the law of the state shall be declared by its Legislature in a statute or by its highest court in a decision is not a matter of federal concern. There is no federal general common law. Congress has no power to declare substantive rules of common law applicable in a state whether they be local in their nature or 'general,' be they commercial law or a part of the law of torts."

The rubber company also cites Canvas Fabricators v. William E. Hooper & Sons Co., 7 Cir., 199 F.2d 485, at page 486, where the court said:

"This being a diversity case, it can hardly be doubted but that the main question for decision is controlled by local law."

But neither of these cases involved a government contract, which is the kind involved in the case at bar.

In United States v. Allegheny County, 322 U.S. 174, at page 183, 64 S.Ct. 908, at page 913, 88 L.Ed. 1209, the court said:

"* * * The validity and construction of contracts through which the United States is exercising its constitutional functions, their consequences on the rights and obligations of the parties, the titles or liens which they create or permit, all present questions of federal law not controlled by the law of any state. Clearfield Trust Co. v. United States, 318 U.S. 363, 63 S.Ct. 573, 87 L.Ed. 838; Board of Com'rs of Jackson County v. United States, 308 U.S. 343, 60 S.Ct. 285, 84 L.Ed. 313; Carpenter v. Shaw, 280 U.S. 363, 50 S. Ct. 121, 74 L.Ed. 478; Utah Power & Light Co. v. United States, 243 U.S. 389, 37 S.Ct. 387, 61 L.Ed. 791; United States v. Ansonia Brass & Copper Co., 218 U.S. 452, 31 S.Ct. 49, 54 L.Ed. 1107; see D'Oench, Duhme & Co. v. Federal Deposit Ins. Corp., 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956; Deitrick v. Greaney, 309 U.S. 190, 60 S.Ct. 480, 84 L.Ed. 694; Federal Land Bank [of St. Paul] v.

Bismarck Lumber Co., 314 U.S. 95, 62 S.Ct. 1, 86 L.Ed. 65. * * *."

To the same effect, see Girard Trust Co. v. United States, 3 Cir., 149 F.2d 872, 874 and S. R. A., Inc., v. State of Minnesota, 327 U.S. 558, 66 S.Ct. 749, 90 L.Ed. 851.

 This case is governed by federal law.

 We have been referred to no act of congress or federal court decision expressly holding that an agreement to indemnify the United States or to hold it harmless from claims of third persons is invalid or contrary to public policy. There are cases holding otherwise. See Rice v. Pennsylvania R. Co., 2 Cir., 202 F.2d 861; Read v. United States, 3 Cir., 201 F.2d 758; Porello v. United States, 2 Cir., 153 F.2d 605, on certiorari, 330 U.S. 446, 67 S.Ct. 847, 91 L.Ed. 1011, on remand, D.C., 94 F.Supp. 952; United States v. Arrow Stevedoring Co., 9 Cir., 175 F.2d 329 and 333, certiorari denied, 338 U.S. 904, 70 S.Ct. 307, 94 L.Ed. 557; Chicago & N. W. Ry. Co. v. Chicago Packaged Fuel Co., 7 Cir., 195 F.2d 467; Indemnity Insurance Co. of North America v. Koontz-Wagner Electric Co., 7 Cir., 233 F.2d 380; Aluminum Co. of America v. Hully, 8 Cir., 200 F.2d 257; Govero v. Standard Oil Co., 8 Cir., 192 F.2d 962.

 Moreover, we believe that the Tort Claims Act does not render the clause in question invalid.

We hold that the indemnity clause in this case is valid and enforceable.

We now pass to the question of whether the claim against the United States is comprehended under that clause. The memorandum of the district court stated in part:

"It probably was not the intention of the parties to the lease that the lessee should hold the United States harmless for damages to a third party arising from its own wrongful act; and certainly it cannot be said to have been the intention of the Congress in the enactment of the Tort Claims Act that the United States should be permitted to pass on to the lessee in a lease of real estate responsibility for its own wrongful act to which the lessee was a stranger. * * *"

 By the express terms of the indemnity clause in the case before us Stark & Barr agreed to hold the United States and its contractors harmless from any and all claims for damages to property of others who may be on the leased premises at the invitation of Starks & Barr, arising from activities of the United States or its contractors.

The order of the district court is reversed and this cause is remanded for further proceedings not inconsistent herewith.

Reversed and remanded with directions.