## NORTH AMERICAN RY. CONST. CO. v. CINCINNATI TRACTION CO.

(Circuit Court of Appeals, Seventh Circuit. April 13, 1909.)

### No. 1,483.

1. INDEMNITY (§ 9*)—CONSTRUCTION OF CONTRACTS—SCOPE AND EXTENT OF LIABILITY.

Contracts of indemnity, such as those given by a contractor for work done in public streets, are usually intended to provide against loss or liability of one party through the operations of the other, or caused by physical conditions which are under the control of the other, and over which the indemnified has no control, and are not ordinarily to be construed as covering liability for injuries or accidents the proximate cause of which is the negligence of the party indemnified.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. § 16; Dec. Dig. § 9.*]

2. INDEMNITY (§ 9*)—CONSTRUCTION OF CONTRACT—SCOPE OF LIABILITY.

A contract for the rehabilitation of the tracks of a street railroad company, the work to be done without interfering with the operation of its cars, provided that the contractor should indemnify the company against all suits brought against it on account of claims for damages done or caused in the course of construction of the work, "or in consequence thereof," including injury to persons, land, or buildings. At a place where

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the company switched its east-bound cars onto the west-bound track to pass around a long excavation, 14 inches in depth, made by the contractor for replacing the east-bound track, a car was stopped in the night between street crossings, and a passenger alighting on the right-hand side fell into the excavation and received injuries for which she recovered a judgment against the company. *Held*, that the injury was not one received "in consequence" of the contractor's work, but was proximately due to the negligence of the company's employés operating the car, who with knowledge of the excavation permitted the passenger to alight on that side of the car at an unusual place, and that the company could not recover over on its indemnity contract.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. § 16; Dec. Dig. § 9.*]

In Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

The writ of error is to reverse a judgment founded upon a directed verdict in favor of the defendant in error, a traction company, against plaintiff in error, a construction company, for the sum of six thousand seven hundred dollars—the direction being given at the conclusion of all the evidence.

The action was by the traction company against the construction company, upon a contract under which the construction company was to rehabilitate the tracks of the traction company. And the particular provisions of the contract relied upon as the basis of the action, were the following:

"The said contractor will be required to take at his own expense all precautions against accidents such as maintaining lights, barricades, etc., as are required by laws and building regulations of Cincinnati or the orders of the said engineer which may be issued from time to time or by reasonable prudence and shall be responsible for all damages resulting from omission in this regard."

· "The said contractor further agrees to protect, indemnify and save harmless the said company from all suits and actions which may be brought against the said company and from and against all claims of any kind for damages done or caused in the course of construction of the work provided for by this contract, or in consequence thereof, in any manner, including all damages and injury to persons, to land or buildings, all injuries to animals or vehicles or to any property whatever."

#### "Street Traffic, Guards and Lights.

"The said Contractor must provide plank sidewalks or bridges, properly fastened, having railing on each side, and in all respects to conform to all city regulations for keeping the streets open for travel and traffic.

"All construction herein provided for must be carefully guarded by ropes or timber barricades, and must be lighted at night by a sufficient number of red lights.

"All material along the sidewalk or roadway must be guarded and lighted as above provided."

The action here is an action over, growing out of an action brought by one Mary F. Whitteker in the Superior Court of Cincinnati, Ohio, against the traction company, wherein she obtained a judgment for six thousand dollars on account of injuries received by her in alighting from one of the traction company's cars—the construction company having had due notice of such action and having been requested to participate in its defense.

The principal facts upon which the Cincinnati judgment was founded are agreed upon as follows: The work of rehabilitating the traction company's tracks—a work that was to go on without interrupting the traction company's operation of cars—left in Madison Road in Cincinnati at the time and place where the accident occurred, where the eastbound track was being replaced, an excavation about one thousand feet in length, eleven and one-half feet wide, and fourteen inches deep, which excavation was at the time and place named. shunted by the eastbound car being switched to the westbound rails at the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

western end of the excavation, and passing along those rails to the eastern end of the excavation; being there switched back to the eastbound track. The time when the accident occurred was half past ten at night; the car was one of a type known as summer or open car, thirty feet long, with reversible seats running transversely across the entire width of the car. A footboard ran along each side of the car a few inches below the floor. There was no guard-rail or other guard on either side of the car. Mary F. Whitteker was a passenger on the eastbound car—the car being at the time in charge of a conductor and motorman employed by the traction company. She sat at the extreme south end of the seat, third from the front (the side of the car that when it stopped, was next to the excavation) and when the car was stopped in obedience to her signal, stepped to the running-board, and from there into the excavation, from which she received the injuries upon which her suit was brought. The traction company knew of the existence of the excavation, and its exact location, but no ropes or bars were put in place, on the side of the car next to the excavation, during the time that the same was being passed, to prevent passengers from alighting on that side.

All these are facts agreed upon in stipulation between the parties. It was further agreed that the precise point at which the car stopped, was a "controverted question," but there was no controversy that the point at which the car stopped was outside any street crossing—the testimony of some of the witnesses being that the car stopped almost immediately after it had passed over Cleinview Avenue, and of some, that it stopped some distance after it had passed that avenue; all the witness agreeing that Cleinview Avenue had been crossed before the car stopped.

The excavation at the point where Mrs. Whitteker got off, was marked by red lights, but had no rope or railing around it.

Edgar B. Tolman, for plaintiff in error.

William E. Church, for defendant in error.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge (after stating the facts as above), delivered the opinion.

Contracts of indemnity such as the one here sued upon, are usually intended to provide against loss or liability of one party, through the operations of the other, or caused by physical conditions that are under the control of the other—over which the party indemnified has no control, and the party indemnifying has control. Indeed, it would take clear language to show that a contract of indemnity was intended to cover conditions or operations under the control of the party indemnified, and not under the control of the indemnifying party, such, for instance, as accidents, the proximate cause of which is the negligence of the party indemnified.

The provision of the contract under consideration provides that the rehabilitation contractor agrees to indemnify the traction company against all suits brought against it on account of claims for damages done or caused in the course of construction of the work, "or in consequence thereof," including injury to persons, lands or buildings. The injury to Mrs. Whitteker was not caused in course of construction of the work. It must therefore fall, if it falls at all, within the clause "or in consequence thereof," that is to say the injury must be in the line of direct cause and effect of the work done, or the conditions created, by the indemnifying party.

The facts before us do not disclose that such was the case. Proximate cause is the wrongful act that caused the injury, usually the first

wrongful act that starts the party injured on his way to the injury. That act, in this case, was the negligence of the traction company in allowing Mrs. Whitteker to get off on the wrong side of the car, the side next to the excavation. True, if the excavation had not been there, the negligence of the traction company might not have resulted in injury. But the excavation was not wrongfully there, and was not, as against the traction company, wrongfully left unmarked and unlighted. The responsibility of the traction company for the injury in this case—the place where Mrs. Whitteker fell into the excavation being away from any street crossing or other line of travel—is not different from what it would have been had the traction company picked up Mrs. Whitteker on the sidewalk adjacent and carried her to the excavation where she fell in. In no view of this case can we see the proximate cause of the injury as other than the wrongful act of the traction company in depositing Mrs. Whitteker where she was deposited.

Upon these facts, and with this view of the true intent and meaning of the contract of indemnity between the parties, there is in our judgment no cause made for liability, and the Circuit Court was in error in instructing the jury to bring in a verdict for the defendant in error. The judgment of the Circuit Court is reversed with instructions to grant a new trial, and to proceed further in accordance with this opinion.