49

Cranston Print Works Company
vs.
American Telephone & Telegraph Company

Law No. 41419

December 20, 1917

BARROWS, J. Heard on demurrer to the declaration containing three counts in assumpsit and one in covenant. All seek to compel the payment of an indemnity, the fourth being based upon an express agreement executed in 1889, the second and third upon an implied promise and the first upon a combination of the two, although intended, as the plaintiff says in argument, to rest on an implied promise. The latter counts purport to follow the second count in the case of the City of Pawtucket vs. A. F. & F. Braf, 20 R. I. 17.

The declaration states that defendant, pursuant to the express agreement above referred to, erected and maintained a pole on private property belonging to plaintiff; that at some time not stated it cut down said pole leaving the stump projecting above the ground; that one Mrs. Carr, lawfully on plaintiff's premises, in 1914 was injured by falling over said stump; that she recovered judgment against plaintiff and that said judgment has been paid by it; that defendant was notified, prior to the trial of said suit, that plaintiff clamed that defendant was ultimately liable therein; that plaintiff called upon defendant to defend said first suit and defendant failed so to do, by reason of which and, further, by reason of said express agreement, defendant is indebted to the plaintiff for the amount of money by it paid to satisfy the Carr judgment.

Defendant has demurred to each

count of the declaration upon thirteen grounds, which, broadly stated, are that neither count shows that the negligence of the Telegraph Company was the primary cause of the injury to Mrs. Carr; that there is no allegation that the plaintiff in whole or in part was not guilty of negligence in causing Mrs. Carr's injury; that the counts state no cause of action under the agreement, because said agreement only relates to the maintenance of a pole and does not provide for indemnity after the pole has been cut down.

As to counts one, two and three.

In implied assumpsit the facts from which the obligation to pay is created must be clearly stated. Examination of the original papers in the City of Pawtucket vs. Bray, supra, confirms plaintiff's claim that he has followed the second count therein. But it seems to us that a distinction exists between that case and the present. In that case the first count stated at some length and distinctly the facts upon which the negligence of Bray was predicated. They were stated with the fullness characteristic of a declaration in negligence and with the averment that the injury in question was wholly due to Bray's negligence, and in no wise to the negligence of the city. The second count, which this plaintiff has followed, was general, merely averring the opening by Bray of a hole in the public highway into which one Julia Major, lawfully upon said highway, fell. It then averred that as a result of suit by said Major, the city was compelled to pay a certain sum of money, upon which the obligation of repayment to the city was imposed by law upon Bray.

The first, second and third counts of the present declaration are substantially alike, except for the averment in the second count, which is lacking in the first and third, that

Mrs. Carr's injury was due wholly to defendant's negligence.

In the cases involving liability over, it is conceded that indemnity for loss due to another's negligence can be recovered only if that negligence was the primary cause of the damage.

In Bennett vs. Fifield, 13 R. I. 137, Pawtucket vs. Bray, 20 R. I. 17, Hill vs. Bain, 15 R. I. 75 (Semble),

the primary cause of the injury for which recovery was had or sought was the negligent act of a third person upon a public street. The negligence of the municipality was secondary and consisted merely in failure to keep the streets safe for travel. The mere statement that defendant left an obstruction to travel on the highway and that the city under its statutory duty became liable for injury arising from failing to keep the street safe showed where the primary fault lay. Any person leaving an obstruction in the way of travel on a public highway is chargeable with knowledge that persons may pass along the street and be injured by said obstruction, and the negligent act of the city in failing to remove it does not alter the primary liability of the person who left the obstruction. Hence the averment in these cases of negligent obstruction to public travel for which the city has been required to pay damages is sufficient. In the case at bar the spot where the stump protruded is merely stated to be on private property. Merely leaving a stump protruding on private property is not negligence (Cf. Nelson vs. Narragansett Electric Light Co., 26 R. I. 258) unless the defendant is chargeable with actual or constructive knowledge that "pedestrians" are likely to be at the point in question upon the premises or are likely to be injured thereby. If the declaration had averred that the stump was left by

defendant adjacent to a public highway upon a portion of plaintiff's premises which the public was then invited either expressly or impliedly to use as a highway and that the Carr woman while acting pursuant to such invitation was injured by falling over said stump, we believe the statement of plaintiff's case would fall squarely inside the second count in the Bray case. Such an invitation creates a liability.

Redington vs. Gitchell, 40 R. I. 470.

The allegation that Mrs. Carr was lawfully upon plaintiff's premises is insufficient. No duty to keep the premises in a safe condition follows therefrom of necessity. Such duty exists only toward an invited person.

Behler vs. Daniels, Cornell & Co., 18 R. I. 563.

This declaration is consistent with an invitation extended after the pole had been cut down and without defendant's knowledge; a situation where the presence of the stump would be a condition and not a cause of the injury. We therefore hold that the allegation that defendant at some past time negligently left a stump on plaintiff's private property does not show that a person lawfully thereon at some later time was injured by defendant's negligence as a primary cause, and the first, second and third counts, as before suggested,

It also seems to us that the first and third counts, as before suggested, should either state facts from which it may appear that the Print Works' liability was due wholly to failure to keep its premises safe for invitees and that such failure was primarily due to defendant's positive acts or, as in the second count, that the negligent act of the defendant was "wholly" the cause of the injury to Mrs. Carr.

52

As to the fourth count.

Defendant's agreement reads that "it will at all times keep and main-

tain said poles and wires in good condition and repair. * * * It will at all times indemnify and keep indemnified the said Cranston Print Works Company from and against all loss, costs, damages, charges and expenses, of whatever kind or nature, which it may in any wise incur or be put to by reason of the erection and maintaining of said poles and wires on its said premises." The argument that the agreement does not have any reference to a pole after it has been cut down because the word "maintenance" is used, does not appeal to us.

We cannot, however, believe that these clauses were intended to bind defendant for any and all liability of said Cranston Print Works Company with which a telephone pole could in any wise be connected. The reasonable construction seems to be that the contract was one to indemnify plaintiff for any loss or damage due to the presence of poles and wires if the Print Works' negligence was not the primary, legal cause of such loss. That an agreement of indemnity does not guarantee against the negligence of the indemnitee unless clearly so stated is set forth in Elliott on Contracts, Sec. 4007.

See also North American Construction Co. vs. Cincinnati Traction Co., 172 Fed. 214; Perry vs. Payne, 217 Penn. St. 252.

Compare also Railton vs. Taylor, 20 R. I. 279.

If this construction of the contract is correct, the fourth count is defective in the same respect as are the other counts. Facts should be set forth which show that defendant was the person primarily liable for the injury to Mrs. Carr. We see no necessity for plaintiff's alleging its freedom from negligence if such facts are stated.

The demurrer to all counts is sustained. Plaintiff may have ten days

in which to amend and defendant ten days thereafter to plead.

For plaintiff: Herbert Almy.

For defendant: Edwards & Angell.