### MARTIN et al. v. AMERICAN OPTICAL CO.

No. 13192.

United States Court of Appeals
Fifth Circuit.

Oct. 17, 1950.

A. Edward Smith, Albert W. Stubbs, Columbus, Ga., for appellants.

S. E. Kelly, Jr., Forrest L. Champion, Jr., Columbus, Ga., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

Appellants were sued by the plaintiff below for damages for personal injuries caused to him by conditions existing in appellants' building while plaintiff was in it as a prospective customer of Sewing Machine Appliance Company, one of appellants' tenants.

By third party complaint, they sought a judgment over against American Optical Company, another of their tenants, hereafter called "American", for all sums that might be adjudged against them in favor of plaintiff.

Their claim was that the entrance and stairway where plaintiff received his injuries were a part of the premises demised and leased to, and in the sole and exclusive possession of, American, and that under paragraph 2[1] of the lease, American had agreed to indemnify and release them from any and all damages to person and property during the term of the lease.

---

1. "(2) Lessee hereby releases Lessor from any and all damages to both person and property and will hold the Lessor harmless from all such damages during the term of this lease."

American moved to dismiss, and the district judge, determining that the invoked clause did not, as claimed, furnish cross-party complainants indemnity against plaintiff's suit,[2] dismissed the complaint, and third party complainants are here insisting that in so doing he erred.

We think it plain that he did not err. This court has had recent occasion[3] to point to the strictness with which indemnity provisions are construed in favor of the indemnitor. The application of this rule of construction to the claim in question here compels the conclusion that there is no foundation for the third party claim for a judgment over, and that the district judge was right in dismissing it.

Putting to one side the difficulty in the way of recovery arising out of the failure of the invoked clause to expressly provide indemnity against the negligence of lessor, a reading of it compels the conclusion that it was not intended to, it does not, provide indemnity against the claim asserted by plaintiff.

In the first place it is so general in terms as to be wholly without the requisite definiteness as to what and how it covers. Read on its face, it is a general covenant of indemnity at all places and at all times without definition of any kind, or specification and limitation of time or place. If this difficulty could be cured, as appellants suggest it should be, by writing into the clause a limitation to things occurring on the premises leased to American, this would not help appellants. For it is plain that all that the clause does is to provide that the lessee releases lessor from claims for damages accruing to lessee and that it will hold the lessor harmless "from all such damages" occurring during the term of the lease.

Appellants' claim that the "hold harmless" portion of the paragraph adds to the "release" portion will not stand up. By limiting the hold harmless clause to "all such damages" as are dealt with in the release clause, it is made completely clear that though not precisely but inartificially drawn, the clause was intended to effect, and did effect, a covenant between lessee and lessor that lessee agreed to release lessor from claims for damages suffered by lessee, and it accordingly agreed to hold it harmless from all such claims.

As pointed out in Halliburton's case, there is a greatly material difference between a covenant such as this lease carries, releasing lessor from and agreeing not to sue him on claims accruing to lessee and covenants such as appellants contend the leased covenant is, agreeing to indemnify lessor and hold him harmless from claims of others.

The judgment is right. It is
Affirmed.

---

2. "The Court concludes that the indemnity clause here involved does not indemnify the third party plaintiff against his own negligence, there being no unequivocal expression of such intention. Employers Casualty Co. v. Howard P. Foley Co., Inc., 5 Cir., 158 F.2d 363; Southern Bell Telephone Co. v. Mayor, etc., City of Meridian, 5 Cir., 74 F.2d 983; North American Ry. Construction Co. v. Cincinnati Traction Co., 7 Cir., 172 F. 214, 97 C.C.A. 32. This case is easily distinguishable from the Georgia case of Louisville & N. R. Co. v. Atlantic Co., 66 Ga.App. 791, 19 S.E.2d 364. There the indemnity clause was so worded as to clearly indicate an intention to indemnify against the indemnitee's own negligence, and the Court so found."

3. In Employers Cas. Co. v. Howard P. Foley Co., Inc., 5 Cir., 158 F.2d 363, 364, it is said:

" * * * It is certainly the general rule that, where the indemnity is not contracted for from an insurance company whose business it is to furnish indemnity for a premium and where indemnity is the principal purpose of the contract; but from one not in the indemnity business and as an incident of a contract whose main purpose is something else, such as a sub-construction contract, the indemnity provision is construed strictly in favor of the indemnitor."

While in Halliburton Co. v. Paulk, 5 Cir., 180 F.2d 79, 84, a case quite in point, it is said:

"indemnity agreements are strictly construed against him who claims to be an indemnitee. * * * This is particularly true where the result would be to indemnify against one's own negligence, and it will not be so construed unless such obligation is expressed in unequivocal terms."