OCEAN ACCIDENT & GUARANTEE CORP., LIMITED, v. JANSEN.

No. 14277.

United States Court of Appeals
Eighth Circuit.

April 20, 1953.

Edwin Cassem, Omaha, Neb. (George L. DeLacy and Kennedy, Holland, DeLacy & Svoboda, Omaha, Neb., on the brief), for appellant.

Edson Smith, Omaha, Neb. (Herbert E. Story, Omaha, Neb., on the brief), for appellee.

Before GARDNER, Chief Judge, and THOMAS and COLLET, Circuit Judges.

COLLET, Circuit Judge.

The appellee, William Jansen, was the operator of a tavern in Omaha, Nebraska. The premises were leased from the owner, the Eagle Realty Company. Jansen carried a "premises-liability insurance policy" with the Western Casualty Company insuring him against noncontractually assumed liability in the operation of the tavern. The Eagle Realty Company, as the owner, carried a liability policy with the appellant, The Ocean Accident and Guarantee Corporation. The lease between the owner and Jansen contained an indemnity covenant in the following language:

"8. The Lessee shall keep said premises and operate his business therein in a manner which shall be in compliance with all laws, rules and regulations, orders and ordinances of the city, county, state and federal government and any department of either, and will not suffer or permit the premises to be used for any unlawful purpose, and he will protect the Lessor and save him and the said premises harmless from any and all fines and penalties and any and all damages or injuries that may result from or be due to any infractions of or noncompliance with, the said laws, rules, regulations, orders and ordinances. Lessee agrees to keep the said premises and all sidewalks and approaches thereto in a safe condition and free and clear of ice and snow and all other matters which may be dangerous to the public and free of all obstructions and that Lessee will protect the Lessor and save Lessor harmless against any claims or demands for damages on account of injuries resulting from the accumulation of any ice, snow or other dangerous matter or defects or obstructions in or upon the sidewalks, aisles and other approaches to and in said premises, and from defects in any part of or arising from any cause connected with the use of the premises, or arising from any accident, injury or damage whatsoever, however caused to any person or to the property of any person, occurring during said term in or about the leased premises or upon or under the sidewalks and approaches thereto and from and against all costs, attorneys fees, expenses and liabilities incurred in or about any such claim or any action or proceeding brought thereon.

\* \* \* \* \* \*

"In Witness Whereof, the parties hereto have executed this lease on the date first above written."

Two claims arose on account of the death of George E. Kernes and Joseph Ault, resulting from each of them on different occasions falling down the stairs leading from the room in which the tavern was operated to a toilet located on the floor below. The claim of Kernes' administratrix was for $1,000.00. It was made against both the owner and Jansen. The Ault claim was for $7,000.00 and was likewise made against both Jansen and the owner. Both were settled in the following manner. The Western Casualty settled on behalf of Jansen for $500.00, obtaining a covenant not to be sued and leaving the claimant free to pursue the owner. When the claim was presented to the owner, the Eagle Realty Company, its insurer, the Appellant Ocean Accident and Guarantee Corporation, notified Jansen of the claim, asserted Jansen's liability to the owner under the covenant of indemnity in the lease to save the owner and its insurer and subrogee, the appellant, harmless from such claims, and demanded that Jansen acknowledge his asserted responsibility under the covenant of the lease and defend or pay the claim, or, if he did not, appellant notified Jansen that it would settle the claim and hold Jansen responsible for reimbursement. Jansen denied responsibility or liability. Appellant settled for

$500.00 and incurred an attorney fee of $117.50. The Ault claim was handled in the same manner, the Western Casualty paying one-half—$3,500.00—on behalf of Jansen, appellant paying $3,500.00 and an attorney fee of $117.50. Appellant then brought this action against Jansen to recover the total of both settlements and attorney fees, asserting Jansen's liability therefor to the owner under the indemnity covenant of the lease and to appellant under its subrogation agreement with the owner. Appellant alleged in its complaint that the claims were made against it and Jansen upon the ground that the stairs were maintained in a negligent manner and now contends that since the evidence shows that a city ordinance required that the stair treads be 10 inches wide and they were only approximately 9½ inches, and since the ordinance required a handrail and the evidence showed there was none on the upper portion of the stairway, that its liability to claimants was established and the payment of the claims justified.

Jansen defended upon the ground, among others, that the indemnity covenant did not cover injuries occurring on the premises occasioned by the negligence of the owner. That since the only basis for the claim against the owner, and the only basis upon which the owner assumed liability and paid the claims against it, was the negligent noncompliance by the owner with the ordinance requiring that the treads of the stairs be at least 10 inches wide and that the stairway have handrails, the payments made in settlement of the claims were not covered by the indemnity covenant of the lease. The trial court overruled this contention on Jansen's motion to dismiss and his subsequent motion for a directed verdict at the close of all the evidence, on the theory that the covenant of the lease included losses occasioned by the negligence of the owner, and submitted the case to the jury on issues of fact to which we will later refer.

■ Appellant contends that the indemnity covenant of the lease applies and further takes the position that Jansen having repudiated the covenant, appellant had the right to settle, using reasonable discretion, and its conduct could be attacked only upon

evidence of abuse of discretion, i. e., bad faith. That there was no showing of bad faith, and the facts as to liability and the measure of claimants' damages being essentially undisputed, the question of reasonable or probable cause for appellant's settlements was one of law for the court and should not have been submitted to the jury, but that the court should have directed a verdict in its favor.

The trial court denied the appellant's motion for a directed verdict upon the theory that although the indemnity covenant did embrace this class of claims, yet in the absence of a final judgment against appellant conclusively establishing its liability to the claimants, there was a disputed factual issue under the evidence as to whether there was "reasonable probability" of the owner's liability to the claimants, and whether the settlements were prudently made for a fair amount, and in good faith. The court therefore submitted to the jury the question of whether under the law as declared by the court, governing such liability, the settlements were prudently made upon reasonable probability of liability, whether they were fair settlements and whether they were made in good faith. We do not state the facts which in the judgment of the trial court created the factual issues submitted, because in our judgment the case must be determined upon other issues.

The jury found for Jansen upon the conclusion, inevitable from the verdict, that there was no reasonable probability of liability on the part of the owner under the facts nor was there lack of prudence or good faith.

Since all other questions now presented are subordinate to the correctness of the trial court's construction of the indemnity covenant, we first consider that question. For if, as appellant contends, the covenant of the lease applied to these claims and gave the owner under the law an area of discretion which the facts showed was not abused, it was entitled to a directed verdict. But if, as Jansen contends, the indemnity covenant of the lease does not apply to losses caused by the owner's negligence, then Jansen owed the owner no responsibility under the covenant to protect it from these claims,

and his motion for a directed verdict should have been sustained.

 The rule is well established that indemnity agreements made between parties and under such circumstances as exist here will not be construed to obligate the indemnitor to indemnify the indemnitee against claims or losses arising from the indemnitee's own negligence unless it clearly and unequivocally appears that such was the intention. The rule is stated in Southern Bell Tel. & Tel. Co. v. Mayor and Board of Aldermen, 5 Cir., 74 F.2d 983, 984:

> "It is well settled that a contract of indemnity will not be construed to indemnify the indemnitee against losses resulting to him through his own negligent acts, where such intention is not expressed in unequivocal terms. North American Ry. Construction Co. v. Cincinnati Traction Co., 7 Cir., 172 F. 214, 215; Washington & Berkeley Bridge Co. v. Pennsylvania Steel Co., 4 Cir., 215 F. 32; Perry v. Payne, 217 Pa. 252, 66 A. 553, 11 L.R.A.,N.S., 1173, 10 Ann.Cas. 589; Mitchell v. Southern R. Co., 124 Ky. 146, 74 S.W. 216; Wallace v. United States, D.C., 16 F.2d 309; [United States v. Wallace] 9 Cir., 18 F.2d 20; Buckeye Cotton Oil Co. v. Louisville & N. R. Co., 6 Cir., 24 F.2d 347; 31 C.J. 431; 14 R.C.L. 47."

The rule is further developed and discussed in an annotation on the subject of "Limiting Liability for Own Negligence," 175 A. L.R. 8.

While the lease required Jansen to make repairs, the record does not disclose any obligation on his part to make alterations, additions or improvements such as would have been required to make the stair treads and railing literally and fully comply with the ordinance. The record shows that the condition of the stair treads and railing was the same at the time of both accidents as it was at the time of the beginning of Jansen's lease, and, while Section 7 of the lease is not included in the printed record, counsel for Jansen state in their brief that "Paragraph 7 of the lease prohibits the lessee [Jansen] from making any alterations or additions or improvements in the premises without written consent of the lessor." Hence the construction of the stairs, the stair treads, and the railing appears to have been under the exclusive control of the owner. Such a situation adds emphasis to the rule that absent a clear and unequivocal intent in an indemnity covenant of the character here involved, such an agreement will not be construed to indemnify the indemnitee against losses resulting to the indemnitee through his own negligence. If, in this case, the owner or its subrogee, the appellant, was justified in making the settlements either on the theory that they were made within a proper "area of discretion" created by the covenant of the lease as contended by appellant, or on the theory of "reasonable probability" of liability declared to be the law by the trial court, they, the settlements, must be predicated upon the factual assumption that if any actionable negligence existed, the injuries resulted from the negligence of the owner in not having stair treads and a handrailing which complied with the ordinance, over which Jansen had no control. As stated in North American Ry. Const. Co. v. Cincinnati Traction Co., 7 Cir., 172 F. 214, 216:

> "Contracts of indemnity such as the one here sued upon, are usually intended to provide against loss or liability of one party, through the operations of the other, or caused by physical conditions that are under the control of the other—over which the party indemnified has no control, and the party indemnifying has control. Indeed, it would take clear language to show that a contract of indemnity was intended to cover conditions or operations under the control of the party indemnified, and not under the control of the indemnifying party, such, for instance, as accidents, the proximate cause of which is the negligence of the party indemnified."

 The indemnity covenant in the lease does not clearly and unequivocally encompass losses occasioned by the negligence of

the indemnitee and cannot be construed to encompass claims for such losses. The appellant was therefore not entitled to recover. The judgment being for the right party, it should be and is affirmed.