## Brotherton Construction Co. v.
## Patterson-Emerson-Comstock, Inc.

*Reilly, Fogwell & Lentz*, for plaintiff.
*Gawthrop & Greenwood*, for defendant.

LICHTENFELD, J., February 15, 1961.—This is an action in assumpsit on an agreement of indemnity. The matter is before the court on defendant's preliminary objection seeking judgment in its favor assigning as reason therefor that the complaint fails to set forth any cause of action against the defendant.

On May 7, 1954, plaintiff (hereafter called Brotherton), a general contractor, who had a construction contract with Lukens Steel Company in Coatesville, located in this county, entered into a written contract with defendant (hereafter called Patterson), as a subcontractor, wherein Patterson was to do certain electrical work at the Lukens plant.

Section 5(*g*) of this agreement provided:

"The sub-contractor agrees to indemnify the contractor against the claims of all material men and employees of the sub-contractor, including Court costs

and attorney's fees incurred in the defense of any litigation instituted by any officer, employee, laborer or material men of the sub-contractor, to which the contractor is made a party."

On October 22, 1954, James M. McBride, Sr., while engaged in the performance of his duties as an employe of Patterson at the Lukens plant, was seriously injured as a result of which he instituted suit in this court as of no. 68, October term, 1956, against Brotherton Construction Company, the present plaintiff. Brotherton engaged counsel and prepared to defend the suit. On or about March 1, 1959, immediately prior to trial, the suit was settled by the payment to James McBride the sum of $15,000. Brotherton paid the costs of suit and an attorney's fee of $2,400. Hence, this suit for the recovery of those items by Brotherton against Patterson.

The preliminary objection must be sustained.

A contract of indemnity will not be construed to indemnify against the negligence of the indemnitee in the absence of a clear expression of intent to the contrary: Tidewater Field Warehouses Inc. v. Fred Whitaker Company, Inc., 370 Pa. 538, 540.

The principal and controlling question involved in this action is the interpretation of the agreement of indemnity. It is therefore necessary to outline the general principles governing indemnity contracts and apply them to this agreement.

In construing the agreement, the court must ascertain the intention of the parties, and doing so it is not confined to the language used but may consider the circumstances surrounding the parties and their object in making the agreement. The nature of the duty of the indemnitor and the character of the indemnitee will be regarded as explanatory of the intent of the parties: Perry v. Payne, 217 Pa. 252, 257.

Contracts of indemnity are not contracts of in-

surance: Pennsylvania R. R. v. Roydhouse, 267 Pa. 368; Perry v. Payne, supra.

They are usually intended to provide against loss or liability of one party through the operation of the other, or caused by physical conditions which are under the control of the other and over which the party indemnified has no control, and are not ordinarily construed as covering liability for injuries or accidents the proximate cause of which is the negligence of the party indemnified: North American R. Constr. Co. v. Cincinnati Tract Co., 172 Fed. 214, 97 C. C. A. 32.

Therefore, the damage or injury sustained by the indemnitee for which he seeks recovery must be such as fairly falls within the terms of the contract: 31 C.J. 432, §27.

As was said in Perry v. Payne, supra, at page 262, ". . . a contract of indemnity against personal injuries should not be construed to indemnify against the negligence of the indemnitee, unless it is so expressed in unequivocal terms. The liabilty on such indemnity is so hazardous, and the character of the indemnity so unusual and extraordinary, that there can be no presumption that the indemnitor intended to assume the responsibility unless the contract puts it beyond doubt by express stipulation. No inference from words of general import can establish it. The manifest purpose, in such cases, to indemnify against the injury which, under the circumstances, could reasonably be apprehended only from the action of the indemnitor or his servant, is a weighty consideration in construing indemnity contracts." See also Reading Co. v. Singelis, 20 D. & C. 2d 89.

Applying these principles to the agreement, the parties have not expressly stipulated against injury occasioned by the indemnitee's own negligence. Further, reading the terms of the agreement in the light of the circumstances surrounding the parties as well

as the manifest purpose inducing the agreement, the parties did not intend to protect the indemnitee against his own or his servant's negligence: 27 Am. Jur. 464, §15; 9 Am. Jur. 57, §§88, 89.

In view of the fact that there is a possibility that plaintiff may be able to amend its complaint to show a cause of action, leave will be granted to plaintiff, if it can plead a cause of action in accordance with principles as herein set forth, to file an amended complaint within 20 days.

### Order

And now, February 15, 1961, defendant's preliminary objection to the plaintiff's complaint is sustained, with leave to plaintiff to file an amended complaint in accordance with the foregoing opinion within 20 days from the date hereof.