SINCLAIR OIL & GAS COMPANY for the Use and Benefit of Zurich Insurance Company, Plaintiff,

v.

Lee BROWN, Defendant.

Civ. No. 5359.

United States District Court
E. D. Oklahoma.

Aug. 7, 1963.

William J. Williams, Ardmore, Okl., for plaintiff.

Henry D. Akin, Leachman, Gardere, Akin, Porter & DeHay, Dallas, Tex., and A. Camp Bonds, Bonds, Matthews & Mason, Muskogee, Okl., for defendant.

BOHANON, District Judge.

The parties to this cause have filed an Agreed Statement of Facts, with the understanding and agreement that the questions involved be submitted to the Court on this statement for its determination. The essential facts agreed to by the parties are:

Sinclair Oil and Gas Company, for the use and benefit of Zurich Insurance Company, as plaintiff, brought this action against Lee Brown, defendant.

Sinclair Oil and Gas Company will be referred to as "Sinclair," and Lee Brown will be referred to as "Brown." On October 4, 1955, Sinclair entered into a drilling contract on its printed form with Brown, wherein Brown agreed to drill an oil well for Sinclair on one of its leases.

The contract in paragraph 2(1) provided:

"Contractor more specifically agrees * * * to hold company harmless from any and all liability for damages to person and/or property of any and all persons resulting from the operations of contractor hereunder * * *"

The contract referred to is a part of the files of this cause, but it is unnecessary to quote further from it.

One Pete Black, an employee of Brown, filed a civil action in the United States District Court for the Western District of Texas, Pecos Division, against Sinclair, alleging that on or about the 29th day of December, 1955, he was working as an employee of Brown on the well which Brown had contracted to drill, and while engaged in swabbing said well, under the overall direction of Sinclair's representative, a riser on a test tank came up, and he went up on the tank to put the riser down and gauged the tank while there, and fell sixteen feet therefrom, striking his head on a valve, and sustaining serious personal injuries, for which he claimed damages in the sum of $325,000. Black sued Sinclair, alleging that it was guilty of negligence in several respects, for which he claimed judgment in the amount prayed for.

The contractor, Brown, carried workmen's compensation insurance on his employees with Texas Employers Insurance Association. This insurance carrier paid Black benefits in the sum of $8,714.34 in full settlement of its liability. The insurance carrier filed a Petition of Intervention in the United States District Court for the Western District of Texas,

Pecos Division, seeking to recoup the sum paid Black, plus attorneys' fees, out of any recovery Black might have against Sinclair. It was agreed that the insurance carrier by reason of its right of subrogation was entitled to recoup its loss out of any recovery Black may have against Sinclair.

On November 28, 1956, Sinclair's attorneys wrote Brown as follows:

"This letter is to give you notice on behalf of Sinclair Oil & Gas Company of the bringing of the aforesaid suit and to demand on behalf of that company that you protect, indemnify and hold such company harmless from all liability for damages on account of the aforesaid accident and injuries to Pete Black. You may, if you wish, take over the defense of the above suit at this time, recognizing your liability to pay any judgment which may be rendered in favor of plaintiff therein, together with costs and expenses. If you do not so proceed, this is to advise you that upon the termination of this litigation, Sinclair Oil & Gas Company will look to you to completely indemnify and hold it harmless from all such liability."

Brown did not take over the defense, but denied liability and asserted that Black's injuries were proximately caused by Sinclair's own negligence. Sinclair then filed a third-party complaint in the pending cause against Brown, asserting that based upon the contract Sinclair was entitled to recover from Brown all sums which might be adjudged against Sinclair in favor of Black.

To third-party complaint Brown answered and asserted he: (1) was exempt under the Workmen's Compensation Act of Texas from any liability to his employee Black and that requiring him to indemnify Sinclair would be creating a liability indirectly where direct liability was expressly forbidden under the Texas Workmen's Compensation Act; (2) that Black was not seeking to hold Sinclair liable for any damages resulting from Brown's operations, but for damages proximately caused by Sinclair's own negligence; and (3) Brown not being in the surety business, the contract "to hold company harmless from any and all liability for damages to the person and/or property of any and all persons resulting from the operations of contractor hereunder" was not sufficient to express in unequivocal terms an agreement for Brown to indemnify Sinclair against its own negligence.

The cause in the United States District Court for the Western District of Texas was tried before a jury, and no issue was submitted as to whether any liability arose from Brown's operations under the drilling contract or as to whether any damages arose from Brown's operations under the drilling contract. The trial resulted in a hung jury.

Thereafter Sinclair filed a motion for judgment in its favor against Black, and Brown filed a motion to dismiss or for summary judgment on the third-party complaint filed by Sinclair. The Court, on the 26th day of October, 1960, rendered judgment in the cause pending in the United States District Court for the Western District of Texas in which it ordered, adjudged and decreed that Black and the intervenor, Texas Employers Insurance Association, do have and take nothing by their suit against Sinclair, and that Sinclair do have and take nothing by its third-party action against Brown, and that Sinclair and Brown recover their costs against plaintiff and intervenor. The Court further ordered that the judgment in favor of Brown and against Sinclair upon the third-party complaint of Sinclair should become final only if and when the judgment in favor of Sinclair and against plaintiff and intervenor becomes final. If for any reason the judgment in favor of Sinclair and against plaintiff and intervenor should be vacated or reversed, then the judgment in favor of Brown against defendant Sinclair upon said third-party complaint should be vacated.

Black appealed from this adverse judgment against him to the United States

Court of Appeals for the Fifth Circuit, and the judgment was there affirmed. Black filed a Petition for Writ of Certiorari, and this Writ was denied; consequently the judgment became final.

Zurich Insurance Company, as the insurance carrier for Sinclair, incurred expenses in investigating and defending Black's action in the sum of $10,445.11, for which amount Sinclair brought this suit against Brown for the benefit of its insurance carrier, Zurich.

Brown asserts that there was no damage caused to Black by reason of its operations, and that Sinclair had no liability resulting from his operations.

The contractor Brown in defense to the claim of the plaintiff sets forth three propositions, in substance:

1.  That the Judgment of the United States District Court for the Western District of Texas, Pecos Division, against Sinclair, is res adjudicata;

2.  That the lack of clear and explicit language in the contract, binding Brown, the contractor, to indemnify Sinclair against its own negligence, eliminates any alleged liability of Brown to Sinclair; and

3.  There is no provision in the contract binding the contractor Brown to defend the suit or to indemnify Sinclair for defending the suit brought against it based upon Sinclair's own negligence.

The Court considers it necessary to discuss only propositions 2 and 3. Considering Proposition 2, the contract provides that the contractor shall hold Sinclair "harmless from any and all liability for damages to the person and/or property of any and all persons resulting from the operations of defendant." This case arose in Texas and is governed by Texas law. The Supreme Court of Texas approved the ruling of the Court of Civil Appeals in Westinghouse Electric Corporation v. Childs-Bellows, 352 S.W. 2d 806. In this case employees of the general contractor negligently dropped materials on and injured employees of the sub-contractor. The injured employees of the sub-contractor asserted claims against the general contractor. These claims were settled by the general contractor and its insurance carrier. The compromises were made in good faith and were reasonable under the circumstances. The general contractor then made demand on the sub-contractor for the amount of the settlements under the provisions of an indemnity agreement. The sub-contractor refused to make payment. The provisions of the indemnity agreement provided:

> "Subcontractor further agrees to and shall indemnify and save harmless contractor from and against any and all loss, claim, demand, and suit for damage including death and personal injury, growing out of, or incident to or resulting from the performance, or failure to perform, the work or provisions of this subcontract."

The Texas Court, in the Childs-Bellows case, said:

> "In the instant case, however, in view of the provisions of the indemnity agreement, it is clear that indemnity was intended to extend only to injuries to persons growing out of or incident to or resulting from performance, or the failure to perform, on the part of Westinghouse, the work of installing the elevators. The agreement does not show an intent by the parties to indemnify Childs-Bellows for injuries to persons resulting from work which was under the exclusive jurisdiction of Childs-Bellows as general contractor. The injuries sustained by the Westinghouse employees were not injuries growing out of any work undertaken by Westinghouse, but according to the stipulations, were due solely to negligence of employees of the general contractor, Childs-Bellows, in work which in so far as the stipulations show had no connection whatever with the installation of the elevators, and work with which Westinghouse had no connection.

"For a case closely in point, see Thompson-Starrett Co. v. Otis Elevator Co., 271 N.Y. 36, 2 N.E.2d 35.

"Since the indemnity agreement did not by words protect Childs-Bellows against its own negligence and since the stipulations failed to show that the injuries resulted from 'a specified operation or instrumentality', Childs-Bellows is not entitled to indemnity.

"The judgment of the trial court is reversed and judgment here rendered that Childs-Bellows take nothing."

The Court finds nothing in the language of the indemnity agreement that would require the indemnitor to be held responsible for injuries to persons growing out of or incident to the negligence of the indemnitee. It is well settled that an indemnity contract must be strictly construed against him who claims to be an indemnitee, and this is especially so where the result would be to indemnify one against one's own negligence. Cf. Employers Casualty Company v. Foley (5 Cir.) 158 F.2d 363; Turner Construction Company v. W. J. Halloran Steel Erection Company et al. (1 Cir.) 240 F.2d 441.

In Standard Oil Company of Texas v. Wampler (5 Cir.) 218 F.2d 768, the indemnity agreement provided:

"Contractor shall indemnify Standard against damages or claims for injuries to persons * * * that may arise from Contractor's operations hereunder."

In this case, Standard sought to recover from the contractor Wampler damages it had paid to an injured employee of Wampler. The Court, in upholding a summary judgment for the indemnitor, said:

"We agree with appellees. On brief appellants 'recognize the rule that indemnity agreements are strictly construed against him who claims to be an indemnitee, and that is particularly true where the result would be to indemnify against one's own negligence, and that it will not be so construed unless such obligation is expressed in unequivocal terms.' But, appellants say, 'the intention of the parties to indemnify against the indemnitee's negligence need not be expressly stated in the contract provided it otherwise clearly appears in the language used.' There is nothing wrong with appellants' statement of the rules. The difficulty is that, construing the contract strictly, the indemnity claimed is not expressed in unequivocal terms. The indemnity clauses in the cases cited by appellants are stronger in phraseology and are applied to distinguishable facts and background.

"We cannot agree with appellants that 'if the indemnifying clause is limited to claims where the indemnitee is free from negligence there would be nothing to which the indemnifying clause would apply,' is applicable here. Certainly, the indemnifying clause would apply in instances where Wampler Brothers were negligent or at fault. The additional provisions for insurance is often required in contracts of this kind to guard against insolvency of the contractor."

See also Batson-Cook Company v. International Steel Erectors, (5 Cir.) 257 F.2d 410; Martin v. American Optical Company (5 Cir.) 184 F.2d 528; Halliburton Oil Well Cementing Company et al. v. Paulk et al., (5 Cir.) 180 F.2d 79, certiorari denied 340 U.S. 812, 71 S.Ct. 38, 95 L.Ed. 596.

In Ocean Accident & Guarantee Corporation v. Jansen, (8 Cir.) 203 F.2d 682, the Court said:

"The rule is well established that indemnity agreements made between parties and under such circumstances as exist here will not be construed to obligate the indemnitor to indemnify the indemnitee against claims or losses arising from the indemnitee's own negligence unless

it clearly and unequivocally appears that such was the intention.  \* \* \*

"It is well settled that a contract of indemnity will not be construed to indemnify the indemnitee against losses resulting to him through his own negligent acts, where such intention is not expressed in unequivocal terms."

Cf. Sinclair Prairie Oil Company v. Thornley (10 Cir.) 127 F.2d 128.

In the Thornley case, the Court said:

"An indemnity contract will not be construed as indemnifying one against his own negligence unless such construction is required by clear and explicit language of the contract. Doughnut Mach. Corp. v. Bibbey, 1 Cir., 65 F.2d 634; North American Ry. Const. Co. v. Cincinnati Traction Co., 7 Cir., 172 F. 214; Thompson-Starrett Co., Inc. v. Otis Elevator Co., 271 N.Y. 36, 2 N.E.2d 35."

We turn now to defendant's third defense that the contract does not bind the contractor Brown to defend or indemnify Sinclair for expenses for defending a suit brought against Sinclair based upon its own negligence.

 The general rule to be found at 42 C.J.S. Indemnity Section 13d, pp. 585–587, is to the effect that an indemnitee is entitled to recover reasonable costs, expenses and attorneys' fees incurred in the defense of suits brought on an obligation on which the indemnitor is bound. However, this general rule is subject to an exception in that no fees are recoverable in a case where the indemnitee is defending against its own negligence. In the case at bar the contract is not one to hold Sinclair harmless from any and all *damages* suffered, but to hold harmless from any and all *liability*, clearly indicating that it was intended that a judgment creating a liability against Sinclair would first be necessary to give rise to an obligation of Brown, the contractor, under the indemnity agreement.

 There is no language in the indemnity contract that clearly and explicity binds the contractor Brown to defend Sinclair against its own negligence, and there is no language in the contract binding the contractor Brown to indemnify Sinclair for expenses of defending a suit brought against Sinclair because of its own negligence.

The Court does not feel it necessary to discuss the question of res adjudicata, inasmuch as the decisions on the other questions are decisive.

Judgment will be entered denying the plaintiff's claim for relief and in favor of the defendant, together with costs.