James W. WEBB and Joyce Webb, Plaintiffs,

v.

WESTERN CARTER COUNTY WATER AND SEWAGE CORPORATION, an Oklahoma Corporation, Appellee,

and

Orvel McGuire and Eldon E. Hellard, d/b/a McGuire Backhoe Service, Appellants.

No. 50408.

Court of Appeals of Oklahoma, Division No. 2.

Nov. 15, 1977.

Rehearing Denied Dec. 15, 1977.

Released for Publication by Order of Court of Appeals Jan. 12, 1978.

T. Fred Collins, Collins & Colbert, Ardmore, for plaintiffs.

C. Clifton Brown, Brown & Smith, Sapulpa, for appellants.

BRIGHTMIRE, Presiding Judge.

Challenged here is a judgment against a water line contractor requiring it to indemnify the contractee for damage sustained by landowners resulting from the way the contractee directed the line to be laid.

I

In 1973 Western Carter County Water and Sewage Corporation obtained permission to lay a water line across a certain tract of farmland owned by James and Joyce Webb in Garvin County, Oklahoma. On February 1, 1973 Western contracted with McGuire Backhoe Service to lay the line and finalized the pact by executing what appears to be a printed F.H.A. "construction contract" form. Under the agreement McGuire became obligated to: (1) "perform all work required . . . in strict accordance with the Plans, Specifications and requirements . . . ." supplied by Western as interpreted by its engineer; (2) "indemnify" Western for "all losses" sustained by Western "by reason of any act or omission of [McGuire] in the execution . . . or guarding" of the work; and (3) absorb all loss for injury arising from the performance of the contract work "except such as may be directly due to errors in the Contract Documents or such as may be caused by agents or employees of [Western]."

In August 1973 McGuire laid the line across a creek on the Webb acreage precisely as specified by the Western plans and its engineer. Later heavy rains fell causing lateral bank erosion at the pipeline crossing severe enough to cause a substantial portion of the adjoining land to be flooded. The Webbs then brought this suit against both Western and McGuire to recover damages for the injury to their land. Western filed a cross-action against McGuire asking, in the event the Webbs prevailed, that the court award it judgment against McGuire for the amount recovered by the Webbs because, it alleged, Western "is entitled to be indemnified for such damages and held . . . harmless therefrom by [McGuire]."

The controversy came on for trial in September 1976. Western and McGuire stipulated that the issue of Western's liability to the Webbs would be tried by a jury and if the Webbs achieved a jury verdict they would allow the court alone to determine McGuire's indemnity liability to Western. The jury did find for the Webbs and fixed their recovery at $3,500. The trial court then found McGuire was an "agent" of

Western—as distinguished from an independent contractor—and after concluding that the indemnity provision of the contract required McGuire to be the ultimate bearer of the loss, rendered judgment accordingly.

## II

McGuire's first complaint is that there was no evidence whatsoever upon which to rest a finding of liability against it in favor of the Webbs. It is not necessary, however, to decide this issue in view of the disposition we make of McGuire's second proposition—that the trial court misconstrued the contract indemnity clause.

In awarding Western judgment against McGuire the trial court evidently gave the indemnity clause [1]—contract numerical paragraph 24—a very literal interpretation without regard to its contractual context or purpose. When read in context with other provisions of the contract, particularly paragraph 27,[2] it is clear that the indemnity clause was meant to apply only to any tortious "act or omission" of McGuire occurring not as an inherent incident of specified work but as an adventuristic nonessential "in the execution of the work or in guarding the same." The complaint of the Webbs was, in essence, that there was a failure to protect "all adjacent property from injury" and specific reference to loss from this type of injury is not in paragraph 24 but in paragraph 27 which exempts McGuire from indemnifying liability where the injury is due to errors in the contractual plans, specifications, or requirements or due to errors caused by Western employees.

Under these circumstances there is no recorded basis for the indemnification judgment against McGuire. There is no evidence that McGuire was guilty of any tortious act or omission in executing or guarding the work beyond its contractual commitments. There is no evidence in the record that McGuire performed other than in strict accordance with the contract plans, specifications and requirements, and at the detailed direction of Western personnel. Indeed Western's own evidence is that McGuire was closely supervised by Western's engineer and that it (McGuire) was not allowed to use its own methods of doing the work, nor to use any employee, tool, or piece of machinery without prior approval of Western's engineer. Thus whatever injury was inflicted on the Webb farm was due entirely to Western plans and the acts or omissions of its own agents and employees.

There is a dearth of authority on the subject but our interpretation of the contract is compatible with a rule that has been invoked by other courts—that indemnity agreements will not be construed to obligate the indemnitor to indemnify the indemnitee against losses arising from the indemnitee's own negligence unless the contract makes it unequivocally clear that that is what the parties intended. *Ocean Accident & Guarantee Corp. v. Jansen,* 203 F.2d 682 (8th Cir. 1953); *Sinclair Prairie Oil Co. v. Thornley,* 127 F.2d 128 (10th Cir. 1942). We offer a caveat, however, that in this state such an indemnity provision is subject to the restriction imposed by 15 O.S.1971 § 422.[3]

---

**1.** "INDEMNITY. The Contractor shall indemnify and save harmless the Owner, the Owner's agents and employees, from and against all losses and all claims, demands, payments, suits, actions, recoveries, and judgments of every nature and description brought or recovered against them by reason of any act or omission of the said Contractor, his agents, or employees, in the execution of the work or in guarding the same.

**2.** "PROTECTION OF WORK AND PROPERTY. The Contractor shall continuously maintain adequate protection of all his work and materials from damage or theft and shall protect the Owner's property and all adjacent property from injury or loss arising in connection with activities under his contract. The Contractor shall make good any such damage, injury, or loss, except such as may be directly due to errors in the Contract Documents or such as may be caused by agents or employees of the Owner."

**3.** It reads:

"An agreement to indemnify a person against an act thereafter to be done is void if the act be known by such person at the time of doing it to be unlawful."

The order appealed from is reversed and the cause is remanded with instructions to vacate that part of the judgment entered on September 15, 1976 awarding Western a $3,500 judgment against McGuire and enter judgment for the latter on Western's cross-petition.

NEPTUNE, J., concurs.

BACON, J., not participating.

