Greg WALLACE, Plaintiff,

v.

SHERWOOD CONSTRUCTION
COMPANY, INC., Appellee,

v.

FARMER BROTHERS CONSTRUCTION
COMPANY, Appellant.

No. 80863.

Court of Appeals of Oklahoma,
Division No. 1.

May 31, 1994.

Kent Fleming and Paul B. Middleton, Huckaby, Fleming, Frailey, Chaffin & Darrah, Oklahoma City, for appellant.

Tracy L. Pierce and Jeff R. Beeler, King, Roberts & Beeler, Oklahoma City, for appellee.

## MEMORANDUM OPINION

ADAMS, Judge:

According to the verdict of a jury and other undisputed facts revealed by the record, Plaintiff Greg Wallace was injured while he was acting as an independent contractor hauling dirt during construction of the John Kilpatrick Turnpike in north Oklahoma City. Sherwood Construction Company, Inc., the general contractor on the project, had subcontracted with Farmer Brothers Company to haul dirt from the site, and Farmer Brothers had hired Wallace, apparently as an independent contractor, to assist in fulfilling that subcontract.

Wallace claimed his injuries resulted from negligence by a Sherwood employee. The jury determined Wallace's injuries were caused equally by his own negligence and that of the Sherwood employee and assessed

Wallace's total damages at $42,000. Sherwood paid its half of Wallace's damages and moved for summary judgment on a previously filed third party petition alleging it was entitled to indemnification under its contract with Farmer Brothers.

Farmer Brothers responded, arguing there was no indemnification because Sherwood did not show that any negligence by Farmer Brothers caused Wallace's injuries, and requested summary judgment in its favor. The trial court granted judgment to Sherwood on its third party petition, and Farmer Brothers appeals.

The relevant facts are undisputed. Wallace was on the job site at the time he was injured, performing tasks in furtherance of Farmer Brothers' subcontract with Sherwood. The jury assessed Wallace's negligence at 50% and Sherwood's at 50%. The record does not indicate that the jury was asked to assess any negligence on the part of Farmer Brothers.

The subcontract contained an indemnification clause which provided, in pertinent part:

SECTION 26. INDEMNIFICATION. Subcontractor [Farmer Brothers] agrees to indemnify and hold harmless the owner and/or the contractor [Sherwood] and their agents and employees, from and against any and all demands, claims, suits, causes of action, damages, losses, penalties, and/or expenses, including attorneys fees, arising out of or resulting from subcontractor's performance of the work required by the subcontract, regardless of whether such demand, claim, suit, cause of action, loss, penalty, or expense is incident to or arises out of conditions or omissions permitted or acts performed by an indemnitee unless said demand, claim suit, cause of action, damage, loss, penalty or expense is caused by the sole negligence of the indemnitee.

As one basis for reversal, Farmer Brothers contends Sherwood was required to show that some negligence by Farmer Brothers was a cause of Wallace's injuries. According to Farmer Brothers, the jury found only Wallace and Sherwood responsible for those injuries, and Wallace's claim was not one "arising out of or resulting from subcontractor's performance of the work required by the subcontract."

Farmer Brothers cites no authority to establish that negligence by Farmer Brothers was required. Farmer Brothers asks us to follow the rule adopted in *Jones v. Strom Construction Co. Inc.*, 84 Wash.2d 518, 527 P.2d 1115, 1118 (1974) and require Sherwood to show that some "overt act or omission" by Farmer Brothers in the "performance of the subcontract in some way caused or concurred in causing the loss involved."

*Jones* involved a indemnification agreement with language quite similar to that involved here. A subcontractor's employee was injured when he fell through a floor which collapsed due to lack of shoring beneath. The employee sued the general contractor whose job it was to make sure the floor was safe. There was no evidence that the employee did anything to contribute to his injuries. As we understand the rule recognized in *Jones*, the mere presence of the subcontractor on the job site, through its agents, would not be sufficient to create the causal connection between performance of the subcontract and the loss.

The dissent in *Jones* interpreted "arising out of" as merely requiring "causation-in-fact." Noting that the subcontractor's presence on the job site, through its employee, was a "cause in fact" of the accident, the dissent found that sufficient to invoke the indemnification agreement. Neither party has cited any Oklahoma authority precisely on point, and we have discovered none.

However, the reasoning adopted by the *Jones'* dissenters is more consistent with Oklahoma's interpretation of "arising out of" in other similar contexts. In worker's compensation cases, "arising out of employment" requires a "causal relationship between the act engaged in at the time the injury occurs and the employment requirements." *Ogg v. Bill White Chevrolet Co.*, 720 P.2d 324 (Okla. 1986). In automobile insurance cases, our Supreme Court has adopted a "chain of events" test for determining whether an injury is one "arising out of ownership, maintenance or use of a motor vehicle." *Oklahoma Farm Bureau Mutual Insurance Company v. Mouse*, 268 P.2d 886 (Okla.1954) and *Safe-*

**634**

co *Insurance Company of America v. Sanders*, 803 P.2d 688 (Okla.1990). Moreover, in such a context, the causal connection may be "less than proximate cause in a tort case." *Safeco*, 803 P.2d at 692. We must reject the majority's reasoning in *Jones*.

■ Farmer Brother's performance of the subcontract was a "cause in fact" of Wallace's injury. The record is undisputed that Wallace was on the job site as Farmer Brothers' agent, performing duties required of Farmer Brothers under the subcontract. But for this performance of the subcontract, Wallace would not have been injured. The uncontroverted facts are consistent only with the conclusion that Wallace's injuries arose out of the performance of the subcontract.

■ Farmer Brothers also argues that the indemnification clause should not be interpreted to allow Sherwood to be indemnified for losses caused, at least in part, by its own negligence. We agree with Farmer Brothers that the rule stated in *Webb v. Western Carter County Water and Sewage Corporation*, 575 P.2d 124, 126 (Okla.App.1977) applies:

> [I]ndemnity agreements will not be construed to obligate the indemnitor to indemnify the indemnitee against losses arising from the indemnitee's own negligence unless the contract makes it unequivocally clear that that is what the parties intended.

■ However, in interpreting an indemnity contract, we must also follow the rules applicable generally to contracts, and we must attempt to ascertain the intention of the parties, based upon the whole contract, and give effect to that intent if it can be done consistent with legal principles. *Luke v. American Surety Co. of New York*, 189 Okl. 220, 114 P.2d 950 (1941). By the express language of the contract, Farmers Brothers agreed to indemnify Sherwood from all losses arising out of its performance of the subcontract "regardless of whether such ... loss is incident to or arises out of conditions or omissions permitted or acts performed by an indemnitee." This language clearly contemplates indemnification even if the loss results from acts by Sherwood.

More importantly, the subcontract language provides the indemnity will apply "unless said ... loss is caused by the sole negligence of the indemnitee." If, as argued by Farmer Brothers, they did not intend to indemnify Sherwood from losses caused, at least in part, by its own negligence, the quoted exception was not necessary and would be treated as surplus. Such an interpretation violates 15 O.S.1991 § 157, which requires us to "give effect to every part" of a contract. Considered as a whole, the subcontract unequivocally and clearly required Farmer Brothers to indemnify Sherwood for losses attributable to its own negligence, unless Sherwood's negligence was the sole cause of the loss.

The uncontroverted facts as revealed by the evidentiary materials submitted by the parties are consistent only with judgment in favor of Sherwood. The trial court's judgment is affirmed.

AFFIRMED.

JONES, P.J., and HANSEN, J., concur.